JOHNSON, Justice.
| We granted this writ application to determine whether the court of appeal correctly interpreted La. R.S. 40:1299.47(B)(3) *122 to require that notice of a medical review panel’s dissolution be sent to the claimant or his attorney in order to trigger the running of the ninety-day period terminating the suspension of the prescriptive period, where the medical review panel has not rendered a decision, and no court-ordered extension of time was obtained. For the following reasons, we affirm the decision of the court of appeal.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Kimberly Thibodeaux, presented to defendant, Dr. James Donnell, as a pregnancy patient in 2008. In October of 2003, Mrs. Thibodeaux was diagnosed with complete placenta previa.[1] Mrs. Thibo-deaux was admitted to Terrebonne General Hospital on November 13, 2003, for treatment for vaginal bleeding [¡¡secondary to the placenta previa, and she remained hospitalized until November 17, 2003. Mrs. Thibodeaux was readmitted to Terre-bonne General Hospital with renewed vaginal bleeding and contractions on November 19, 2003.
On November 20, 2003, Dr. Donnell performed a cesarian section and hysterectomy on Mrs. Thibodeaux. While the baby was successfully delivered, Plaintiffs alleged that Dr. Donnell negligently lacerated Mrs. Thibodeaux’s bladder during the hysterectomy, which resulted in residual urologic problems and additional urologic surgery.
Plaintiffs (Kimberly Thibodeaux and her husband, Todd Thibodeaux, individually, and on behalf of their child, Gabrielle Thi-bodeaux) filed a Request for Medical Review Panel on November 4, 2004. On June 16, 2005, the Patient’s Compensation Fund (“PCF”) sent notification to the parties that an attorney chairman had been appointed. The medical review panel did not meet, nor did it issue an opinion in this matter. Neither party moved for an extension of the medical review panel.
Plaintiffs filed a medical malpractice suit in the district court on October 26, 2006. Dr. Donnell filed an exception of prescription. After a hearing, the trial court sustained the exception and dismissed the plaintiffs’ suit. A five-judge panel of the court of appeal reversed, finding that notice of the dissolution of the medical review panel was required to trigger the running of the 90-day period after which suspension of the one-year prescriptive period as a result of the request for panel would terminate. Thibodeaux v. Donnell, 2007-1845 (La.App. 1 Cir. 9/12/08), 994 So.2d 612.[2] Dr. Donnell filed a writ application in this Court, which we granted. Thibo-deaux v. Donnell, 2008-2436 (La.12/19/08), 996 So.2d 1124.

\ .LAW AND DISCUSSION

The sole issue presented for our review is whether La. R.S. 40:1299.47(B)(3) requires that notice be sent to the parties that the medical review panel has expired, when the panel has not issued an opinion, and where the panel was not extended by court order. Because this matter involves the interpretation of a statute, it is a question of law, and is thus reviewed by this Court under a de novo standard of review. Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 2006-0582 (La.11/29/06), 943 So.2d 1037. In Holly & Smith Architects, Inc., this Court recognized:
*123 Questions of law, such as the proper interpretation of a statute, are reviewed by this court under the de novo standard of review. After our review, we “render judgment on the record, without deference to the legal conclusions of the tribunals below. This court is the ultimate arbiter of the meaning of the laws of this state.”
Id. at 1045
The prescriptive period for medical malpractice claims is set forth in La. R.S. 9:5628(A), which provides, in pertinent part:
No action for damages for injury or death against any physician ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect....
La. R.S. 40:1299.47(B)(l)(a)(i) further provides that “[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.”
In this matter, Plaintiffs’ request for medical review panel was filed on November 4, 2004, within a year of the date of the alleged malpractice. Thus, Plaintiffs’ claims before the medical review panel were timely filed.
| ¿La. R.S. 40:1299.47(A)(2)(a) provides, in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in aecor-dance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section,[3] to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part.
Furthermore, subsection (L) of this statute provides that “[w]here the medical review panel issues its opinion required by this Section, the suspension of the running of prescription shall not cease until ninety days following notification by certified mail to the claimant or his attorney of the issuance of the opinion as required by Subsection J of this Section.”
Based on the above statutory provisions, the prescriptive period was suspended by the filing of the request for the medical review panel. When La. R.S. 40:1299.47(A)(2)(a) is considered along with subsections (J) and (L) of the statute, it is clear that suspension of the running of prescription continues until ninety days following notification by certified mail to the claimant or his attorney of the issuance of the panel’s opinion. However, in this case, no opinion was ever issued by the panel. Thus, the above provisions do not address the situation before this court.
Relevant to this case is La. R.S. 40:1299.47(B)(l)(b), which provides, in pertinent part:
*124 [I]f an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director to the selected attorney and all other parties pursuant to Paragraph (1) of Subsection C of this Section, suit may be instituted against a health care provider covered by this Part. However, either Rparty may petition a court of competent jurisdiction for an order extending the twelve month period provided in this Subsection for good cause shown. After the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant’s complaint shall be dissolved without the necessity of obtaining a court order of dissolution.
At specific issue in this case is the proper interpretation of La. R.S. 40:1299.47(B)(3), which further provides:
Ninety days after the notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel or ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease.
The issue presented is whether, under the facts and circumstances of this case, notice of the dissolution of the medical review panel was required to trigger the running of the ninety-day period in order to terminate the suspension of the prescriptive period.
Dr. Donnell admits that plaintiffs’ request for a medical review panel was timely asserted, but argues that, pursuant to La. R.S. 40:1299.47(B)(l)(b), the medical review panel expired by operation of law, and that the expiration of a panel by failure to extend its one-year term does not require notice of that deadline to the plaintiffs or their attorney. Dr. Donnell notes that the parties in medical review panel proceedings receive notice from the PCF at the time an attorney chairman is appointed, identifying the date on which a panel will expire by operation of law, unless the panel expiration date is extended by obtaining a court order. He argues that this notice is all that is required under the statute.
Dr. Donnell further argues that the fact that no extension was obtained in this case should not make a difference, as there is no doubt that plaintiffs received the initial PCF notice of the appointment of the attorney chairman, which set in motion | fithe automatic twelve-month existence of the panel.
Thus, Dr. Donnell argues that once the panel was dissolved, the suspension of prescription, initiated by the filing of the request for the medical review panel, automatically ceased on September 14, 2006, ninety days after the dissolution of the panel by operation of law. Dr. Donnell further asserts that the remaining sixteen days of the plaintiffs’ one-year prescriptive period subsequently elapsed on September 30, 2006. Because that date fell on a Saturday, Dr. Donnell contends that the plaintiffs had until Monday, October 2, 2006, to file their suit. According to Dr. Donnell, the cause of action is prescribed because the plaintiffs did not file suit until October 26, 2006.
Plaintiffs argue that La. R.S. 40:1299.47(B)(3) requires that notice be sent by the Attorney Chairman of the Medical Review Panel to all parties, by certified mail, of the dissolution of the medical review panel for prescription to run again. Plaintiffs argue that this statutory provision is clear, express, and purposefully provides for two explicit *125 events, on the expiration of which the suspension of prescription ceases. The first, applicable here, provides for mandatory notification by the Attorney Chairman to all parties by certified mail that the medical review panel has dissolved, which commences the 90-day period. The second, not relevant here, is the expiration of a court-ordered extension of the medical review panel. Plaintiffs argue that Dr. Donnell’s position ignores the clear and express language of the statute.
The court of appeal agreed with the plaintiffs, finding that, based on the clear wording of the statute, because plaintiffs did not receive notice of the dissolution of the panel, the prescriptive period for instituting a suit was still suspended at the time plaintiffs filed their petition. We agree.
In David v. Our Lady of the Lake Hospital, 2002-2675 (La.7/2/03), 849 So.2d|738, 46-47, this Court stated:
Nothing is better settled than that in the construction of a law its meaning must first be sought in the language employed. If that be plain, it is the duty of the courts to enforce the law as written, provided it be within the constitutional authority of the legislative body which passed it. Thus, interpretation of any statute begins with the language of the statute itself. When the wording of any of Louisiana’s revised statutes is clear and unambiguous, the letter of it shall not be disregarded under the pretext of pursuing its spirit. If application of a clear and unambiguous statute does not lead to absurd results, the law shall be applied as written; no further interpretation may be made in search of the intent of the legislature. Words and phrases ... shall be construed according to the common and approved usage of the language. The proper connotation to be placed on a word in a statute does not depend on an isolated definition attributable to it; instead, the word and the context in which it is used shall be considered.
David, 849 So.2d at 46-7 (internal citations removed); see also: Landry v. Louisiana Citizens Property Insurance, 2007-1907 (La.5/21/08), 983 So.2d 66, 79.
Breaking down the language of La. R.S. 40:1299.47(B)(3), the statute provides:
Ninety days after the notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel or
ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease.
(Emphasis added).
Thus, it is clear that the statute provides for two different scenarios which will result in the cessation of the suspension of the running of prescription. As this Court explained in Blackburn v. National Union Fire Ins. Co. of Pittsburgh, 2000-2668 (La.4/3/01), 784 So.2d 637, the disjunctive word “or” is a clear, unambiguous term whose use between two provisions makes alternative events. Blackburn, 784 So.2d Rat 642.
Thus, by the explicit language of the statute, the first scenario which will cease the suspension of the running of prescription is the passing of 90-days after “notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel.” The second scenario which will cease the suspension of the running of prescription is the passing of ninety days “after the expiration of any court-ordered extension.” *126 Because there was no court-ordered extension of the medical review panel in this matter, the second scenario is inapplicable. Thus, the language pertaining to the first scenario is controlling.
Given the clear and explicit language of the statute, the only conclusion is that, in cases where no court-ordered extension was requested or obtained, notification to the parties is necessary for the suspension of the running of prescription to cease after the dissolution of the medical review panel. As the court of appeal noted, “[t]o conclude otherwise would render the first portion of La. R.S. 40:1299.47(B)(3) superfluous or meaningless.” Thibodeaux, 994 So.2d at 618.
We also find that this notice requirement comports with due process concerns. Individuals are constitutionally guaranteed the right to due process of law. Procedural due process requires that before an individual is deprived of a property right, the individual must be provided with notice and an opportunity to be heard. In re Justice of the Peace Landry, 2001-0657 (La.6/29/01), 789 So.2d 1271, 1277; Hamilton v. Royal International Petroleum, 2005-846 (La.2/22/06), 934 ,So.2d 25, 30.
CONCLUSION
This case presents the question of what event triggers the running of the ninety-day period after which suspension of prescription ceases when a medical review panel [¡¡is dissolved by operation of law. La. R.S. 40:1299.47(B)(1)(b) speaks merely to the dissolution of the review panel. Because the running of the ninety-day period is triggered not upon dissolution, but upon notification, the provisions of La. R.S. 40:1299.47(B)(l)(b) are inapplicable. Rather, the clear, unambiguous, and explicit language of La. R.S. 40:1299.47(B)(3) is controlling in this case, and in accordance with its plain language, suspension of prescription ceases ninety days after the notification of the dissolution of the medical review panel. In this matter, there is nothing in the record to support a finding that such notice was sent to the pax-ties. In the absence of notification, px-escription was still interrupted at the time Plaintiffs filed suit in the distinct court. Thus, Plaintiffs claims were timely filed.
DECREE
For the above reasons, we affix-m the decision of the court of appeal, finding that Plaintiffs’ medical malpractice suit was timely filed.
VICTORY and GUIDRY, JJ., dissent and assign reasons.
TRAYLOR, J., dissents for reasons assigned by VICTORY and GUIDRY, JJ.

. Placenta previa is implantation of the placenta over the internal opening of the cervix. Total placenta previa occurs when the placenta completely covers the opening. The Merck Manual 2196 (18th ed.2006).

. Judge Kuhn dissented.

. Subsection (J) of the statute requires the chairman to submit a copy of the panel's report to the board and all parties and attorneys by registered or certified mail within five days after the panel renders its opinion.