VICTORY, J.
J^This writ application involves the proper interpretation of La. R.S. 40:1299.47(A)(2)(c), specifically, whether the running of the statutory ninety (90) day grace period in which prescription is suspended in a medical malpractice case begins when a plaintiffs medical malpractice complaint is dismissed for failure to appoint an attorney chairman, or when plaintiff is notified that his complaint has been dismissed for failure to appoint an attorney chairman. After reviewing the record and the applicable law, we reverse the ruling of the court of appeal and find that the 90 day grace period begins to run from the date of dismissal. Because plaintiff failed to file her petition for damages within this 90 day period, her claim is prescribed.
FACTS AND PROCEDURAL HISTORY
The facts are not in dispute. James Turner was admitted to Willis Knighton Medical Center (“Willis Knighton”) on August 14, 2008, for a kidney transplant. He was treated by Dr. Venkateswara Rao, Dr. *61 Gazi Zibari, and Dr. Navdeep Samra |2(coIIectively “the doctors”). Six days later, on August 20, 2008, he died, allegedly from the negligent treatment of the doctors while at Willis Knighton. On August 20, 2009, his wife, Gloria Turner, filed a medical malpractice complaint with the Division of Administration requesting a medical review panel and naming Willis Knigh-ton and the doctors as defendants.
On August 27, 2009, the Patient’s Compensation Fund (the “PCF”) acknowledged by letter to Mrs. Turner that it received her claim filed on August 20, 2009. It was given PCF File No. 2009-00977. The PCF noted that Willis Knighton was a qualified healthcare provider under the provisions of La. R.S. 40:1299.41, but stated that it could not qualify the doctors as healthcare providers for medical malpractice purposes because it had no record of them. The PCF reserved its right to qualify them upon the receipt of additional information. On April 1, 2010, the Division of Administration acknowledged by letter that the doctors were qualified as healthcare providers under the provisions of La. R.S. 40:1299.39.1, the Medical Malpractice Act for State Services. This letter referenced the claim as 09 MR 166.
On May 24, 2010, the PCF mailed notice to Mrs. Turner in Docket No. 2009-00977 that her malpractice panel request would be dismissed if the parties failed to appoint an attorney chairperson “within one year from the date of filing as indicated above.” The date of filing was indicated at the top of the letter as: “Date Filed: 8/20/2009.” The letter stated that if she wished to continue pursuit of the panel request, she should “[njotify this office immediately if you are unable to agree on an attorney chairman and wish to request the strike process to be initiated,” and explained this was urgent because “the attorney chairman must still be chosen and appointed prior to the one year from file date as allowed by [the MMA].” The letter concluded by stating “[a]gain, this office will close the claim |3if no notice is received stating an attorney chairperson has been selected by the due date above.” The “due date above” was noted at the top of the letter as “AC Appointment Due Date: 8/20/2010.”
On July 14, 2010, new counsel enrolled for Mrs. Turner and notified the PCF that “pursuant to La. R.S. 40:1299.39.2,”[1] No. 09 MR 166 and PCF File No.2009-00977 should proceed as a joint medical panel.[2] *62 By August 20, 2010, no attorney chairman had been appointed. Accordingly, on August 25, 2010, the PCF sent a certified letter to Mrs. Turner’s new counsel, stating the following:
Under the provisions of R.S. 40:1299.47(A)(2)(c), as amended by Act’ 435 of the 1984 Regular Session, our office has closed the above referenced matter due to failure to appoint an attorney chairman within the one year time-frame which ended on 8/20/2010. Therefore the claim has been dismissed for failure to appoint an attorney chairman and the parties shall be deemed to have- waived the use of the medical review panel.
[/The filing of a request for a medical review panel shall suspend the time for within which suit must be filed until 90 days after the claim has been dismissed in accordance with the Act.
As did the first letter, this letter referenced “PCF File No.: 2009-00977,” “File Date: 8/20/2009,” and “AC Appointment Due Date: 8/20/2010.” Mrs. Turner’s counsel received this letter on August 27, 2010.
On November 23, 2010, Mrs. Turner filed this lawsuit alleging medical malpractice against Willis Knighton and the doctors. Willis Knighton filed an exception of prescription, claiming that the suit was filed beyond the one year anniversary of the filing of the initial complaint and the additional 90 day statutory grace period suspending prescription. The doctors filed an exception of prescription and, alternatively, an exception of prematurity.[3] The defendants argued that Mrs. Turner’s medical malpractice action had prescribed because it was not filed within 90 days of her claim being dismissed for failure to appoint an attorney chairperson, the date of dismissal being August 20, 2009. Mrs. Turner argued that the claim was timely because it was filed within 90 days after the PCF notified her that her claim had been dismissed for failure to appoint an attorney chairperson, the date of the notification letter being August 25, 2009. The trial court agreed with defendants and granted their exceptions of prescription. The doctors withdrew their exception of prematurity. The court of appeal reversed. Turner v. Willis Knighton Medical Center, 46,988 (La.App. 2 Cir. 02/29/12), 87 So.3d 209. We granted and consolidated defendants’ writ applications to consider the proper interpretation of La. R.S. 40:1299.47(A)(2)(c). Turner v. Willis Knighton Medical Center, 12-0703 (La.5/28/2012), 89 So.3d 1206, 12-0742 (La.5/25/12), 89 So.3d 1201.
| .DISCUSSION
As the facts in this matter are not in dispute and the issue is purely one of statutory interpretation, we review this matter de novo, without deference to the legal conclusions of the courts below. Thibodeaux v. Donnell, 08-2436 (La.5/5/09), 9 So.3d 120, 122 (citing Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582 (La.11/29/06), 943 So.2d 1037).
A medical malpractice action must be filed “within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the *63 alleged act, omission, or neglect.” La. R.S. 9:5628(A). La. R.S. 40:1299(B)(l)(a)(i) provides that “[n]o action against a health care provider covered under by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been pre: sented to a medical review panel established pursuant to this Section.” There is no dispute that Mrs. Turner’s complaint requesting a medical review panel was timely filed on the last allowable day, exactly one year from Mr. Turner’s death. The filing of such a complaint suspends the prescriptive period for filing a medical malpractice claim in a district court.
The statute at issue is La. R.S. 40:1299.47(2), which provides:
(c) An attorney chairman for the medical review panel shall be appointed within one year from the date the request for review of the claim was filed. Upon appointment of the attorney chairman, the parties shall notify the board of the name and address of the attorney chairman. If the board has not received notice of the appointment of an attorney chairman within nine months from the date the request for review of the claim was filed, then the board shall send notice to the parties by certified or registered mail that the claim will be dismissed in ninety days unless an attorney chairman is appointed within one year from the date the request for review of the claim was filed. If the board has not received notice of the appointment of an attorney chairman within one year from the date the request for review of the claim was filed, then the board shall promptly send notice to the parties by certified or registered mail that the claim has been dismissed for failure to appoint an attorney chairman and the parties | 6shall be deemed to have waived the use of the medical review panel. The filing of a request for a medical review panel shall suspend the time within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section.
The above statute requires the parties to select and appoint an attorney chairman within one year from the date the request for review of the claim was filed. Here, the request for review was filed on August 20, 2009, so the attorney chairman needed to be appointed by August 20, 2010. The statute also provides two separate notice provisions. First, if the board has not received notice of the appointment of an attorney chairman within nine months from the date the request for review was filed, the board must notify the parties by certified or registered mail that the claim will be dismissed in 90 days unless an attorney chairman is appointed within one year from the date the request for review of the claim was filed. This is sometimes referred to as the “nine month letter.” Here, the PCF sent Mrs. Turner a letter on May 24, 2010, notifying her that under La. R.S. 40:1299.47(A)(2)(c), “the referenced medical malpractice panel request will be dismissed due to your failure to appoint an attorney chairperson within one year from the date of filing as indicated above.” The date of filing “indicated above” was “8/20/2009.” The letter went on to state that if she desired to continue to pursue this claim, “an attorney chairperson must be appointed by agreement of all parties or through the striking process” and that she should notice the PCF “immediately” if the parties could not agree on a chairperson and requested the strike process. However, the PCF stressed that “if the strike process is used, the attorney chairman must still be chosen and appointed prior to the one year from file date;” therefore, “a request for a strike list must be made immediately so *64 the process can be completed and an attorney chairman selected within the time allowed.” Finally, the PCF stressed, “[a]gain, this office will close the claim if no 17notice is received stating an attorney chairperson has been selected by the due date above.” The “due date above” was listed as “8/20/2010.”
The second notice provision requires that “if the board has not received notice of the appointment of an attorney chairman within one year from the date the request for review of the claim was filed, then the board shall promptly send notice to the parties by certified or registered mail that the claim has been dismissed for failure to appoint an attorney chairman and the parties shall be deemed to have waived the use of the medical review panel.” After no attorney chairman had been appointed by August 20, 2010, the PCF “promptly” sent a letter to Mrs. Turner’s attorney, dated August 25, 2010, stating that “[u]nder the provisions of R.S. 40:1299.47(A)(2)(c), ..., our office has closed the above referenced matter due to the failure to appoint an attorney chairman within the one year timeframe which ended on 8/20/2010.” The letter further stated that “[tjherefore the claim has been dismissed for failure to appoint an attorney chairman and the parties shall be deemed to have waived the use of the medical review panel.”
Finally, the letter concluded by stating “[t]he filing of a request for a medical review panel shall suspend the time for within which suit must be filed until 90 days after the claim has been dismissed in accordance with the Act.” This is consistent with the last sentence of La. R.S. 40:1299.47(A)(2)(c) which provides that “[t]he filing of a request for a medical review panel shall suspend the time within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section.” Thus, the issue in this case centers around the date “the claim has been dismissed in accordance with this Section,” because that is what statutorily commences the statutory 90 day grace period, the completion of which recommences the running of prescription.
| ^Defendants argue, and the trial court found, that the date the claim was dismissed was August 20, 2010, because dismissal occurs by operation of law one year from the date the request for review by a medical review panel is filed where no attorney chairperson is ever appointed. They argue that because prescription is suspended until 90 days after the claim has been dismissed, and the claim was dismissed on August 20, 2010, Mrs. Turner’s suit is prescribed because it was not filed by November 19, 2010.[4] Mrs. Turner argues, and the court of appeal agreed, that the statutory 90 day grace period continuing the suspension of prescription did not begin to run until August 25, 2010, the date of the letter notifying her that her claim had been dismissed. Therefore, according to Mrs. Turner, the last day to file suit was November 23, 2010, the date the suit was filed.
*65 We recognize that where there are two permissible interpretations of a prescriptive statute, the courts must adopt the one that favors maintaining rather than barring the action. Bustamento v. Tucker, 607 So.2d 532 (La.1992). However, that does not mean that every prescriptive statute must be interpreted in order to avoid prescription. Here, the statute provides a clear date by which an attorney chairperson must be appointed — one year from the date the request for a medical review panel is filed. The statute further provides that the claim will be dismissed if an attorney chairperson is not appointed by that date. That date certain, as provided in the statute and in the letters to plaintiff, was August 20, 2010. Corresponding to this date is the requirement that if the board has not received notice of the appointment within nine months of the date of the filing, the 1 flboard must send notice that “the claim will be dismissed in ninety days unless an attorney chairman is appointed within one year from the date the request was filed.” La. R.S. 40:1299.47(A)(2)(e). In accordance with this provision, the dismissal of the complaint will occur 90 days from the nine-month mark.[5] Clearly, this is meant to correspond to one year from the time request for the panel is filed, as nine months plus 90 days basically equals one year. We recognize that there may be instances where 90 days from the date of the nine month letter is a longer period than one year from the date of the request for a panel, i.e., where the letter is not sent, as required, nine months from the date of the request for a panel. For instance, here, the date of the nine month letter was May 24, 2010, and 90 days from that date was August 22, 2010. However, even if the statutory 90 day grace period began on that date, this suit would still be prescribed as it was filed after November 20, 2010, (90 days from August 22, 2010). We also recognize that there may be instances where 90 days from the date of a timely sent nine month letter will be shorter than the one year period, i.e., where those months include months with 31 days. In our view, in accordance with rules of statutory construction, in the few instances where the one year period and the ninety days from nine months period are different and one would maintain the action, that interpretation must be followed. However, either interpretation bars this action, and thus this issue is irrelevant for purposes of this case. The real question for our review is whether notice of dismissal or actual dismissal commences the statutory 90 day grace period continuing suspension of the prescriptive period.
| inThe court of appeal determined that notice of dismissal triggered the statutory 90 day grace period relying on our holding in Thibodeaux, supra. However, other provisions of the Medical Malpractice Act were at issue in Thibodeaux, one of which was La. R.S. 40:1299.47(B)(l)(a)(i), which provides:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medi *66 cal review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. (Emphasis added.)
La. R.S. 40:1299.47(L) likewise provides that “[w]here the medical review panel issues its opinion required by this Section, the suspension of the running of prescription shall not cease until ninety days following notification by certified mail ... of the issuance of the opinion ...” As can be seen, both these statutes begin the statutory 90 day grace period with actual notification. In Thibodeaux, no opinion was issued, in which case La. R.S. 40:1299.47(B)(l)(b) provides that if an opinion is not rendered within twelve months of notice of the appointment of an attorney chairperson, a party may institute a malpractice suit. The court may also grant a request from a party that the twelve month period be extended. After the twelve month period or any court-ordered extension has expired, the medical review panel will be dissolved. La. R.S. 40:1299.47(B)(3) further provided:
Ninety days after notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel or ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease. (Emphasis added.)
The parties were not notified that the panel was dissolved and no court-ordered extension was requested. A majority of the Court determined that the language of |nthe statute required that where an opinion is not rendered with one year, in cases where there was no court-ordered extension, “notification to the parties is necessary for the suspension of the running of prescription to cease after the dissolution of the medical review panel.” Thibodeaux, supra at 126.
Thibodeaux is distinguishable, in that La. R.S. 40:1299.47(B)(3) specifically provided for the suspension of prescription to end 90 days after notification by certified mail that the panel was dissolved. The same can be said of La. R.S. 40:1299.47(B)(1)(a)(i) and La. R.S. 40:1299.47(L), which suspend prescription until 90 days following “notification” of the issuance of the panel’s opinion. The statute at issue here, La. R.S. 40:1299.47(A)(2)(c) has no such provision commencing the statutory 90 day grace period at notification. Under La. R.S. 40:1299.47(A)(2)(c), “the filing of a request for a medical review panel shall suspend the time within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section.”[6] Under the clear wording of the *67 statute, dismissal, not notification, starts the statutory 90 day grace period. If the Legislature had intended for notice of dismissal to trigger this 90 day period they would have said so, as they did in these other statutes. Instead, the date certain for the appointment of an attorney chairman is one year from the date of the filing of the request for review of a claim by a panel. If an attorney chairman is not appointed by that date, the claim will be dismissed. Plaintiff was specifically notified of this in the May 24, 2010, letter. While prompt notice that the claim has 112been dismissed is required, that notice does not commence the 90 day period; dismissal commences the 90 day period. The August 25, 2010, letter told plaintiffs counsel that the claim had been dismissed for failure to appoint an attorney chairperson and that the date to have done so was August 20, 2010. The letter also put the plaintiff on notice that she had 90 days from the date the claim was dismissed in which to file suit. This letter served the important purpose of notifying Mrs. Turner,- not only that her claim had been dismissed and use of the medical review panel deemed waived, but also that she still had 90 days from dismissal to file suit. Although there may be some confusion over whether dismissal actually occurs 90 days after the nine month letter, or one year after the request for review is filed, there is no question that dismissal, not notification, triggers the statutory 90 day grace period in which prescription continues to be interrupted. Here, whether dismissal occurred on August 20, 2010; or August 22, 2010, plaintiffs suit filed on November 23, 2010, has prescribed.
CONCLUSION
Pursuant to La. R.S. 40:1299.47(A)(2)(c), an attorney chairperson must be appointed one year from the date a request for review by a medical review panel is filed. If this is not done, the claim is dismissed, use of the panel is deemed waived, and the plaintiff has 90 days, plus any time remaining on the one-year prescription period of La. R.S. 9:5628(A), in which to file suit. While the parties must be notified nine months after the request for review is filed of the consequences of the failure to appoint an attorney chairperson, and must be “promptly” notified after the claim has been dismissed, these notifications do not serve to initiate the running of the statutory 90 grace period provided in La. R.S. 40:1299.47(A)(2)(a) during which time prescription continues to be suspended. As clearly stated in the statute, “the filing of a request for a medical review panel shall suspend the time | ^within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section.” As dismissal, not notification, begins the 90 day grace period, Mrs. Turner’s suit, filed more than 90 days after the suit was dismissed, has prescribed.
DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed, and the trial court judgment, granting the defendants’ peremptory exceptions of prescription, is reinstated.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.

. La. R.S. 40:1299.39.2 provides:
The following provisions shall apply when, for the same injury to or death of a patient, a malpractice claim alleges liability of both a state health care provider under the provisions of this Part and a health care provider under the provisions of Part XXIII of this Chapter:
(1) Unless all parties have agreed otherwise, only one medical review panel shall be convened in such instance to review the claims under this Part and Part XXIII of this Chapter.
(2) The panel shall consist of a single attorney chairperson and three health care providers who hold unlimited licenses to practice their profession in Louisiana.
(3) The panel shall be considered a joint medical review panel, and its actions shall be deemed to have the same force and effect as if a separate medical review panel had been convened under each of the respective Parts.
(4) The panel shall be governed by the law applicable under both Parts. In the event of a procedural conflict between the provisions of the Parts, the provisions of R.S. 40:1299.47 shall govern.

. On July 21, 2010, the Division of Administration acknowledged receipt of the filing fee in 09 MR 166 and told Mrs. Turner’s attorney that failure to select an attorney chairperson within one year of the request for review would result in dismissal of the claim. On February 11, 2011, the Division of Administration notified Judge Frank Thaxton that he had been selected by mutual agreement of *62 counsel as the attorney chairperson in 09 MR 166. The letter included a copy of the malpractice complaint filed on August 20, 2009. According to the parties at oral argument before this Court, this proceeding is still pending.

. The doctors’ alternative argument of prematurity was that Mrs. Turner's claim had not yet been reviewed by a state medical review panel.

. As stated, a medical malpractice claim must be filed within one year, and the filing of a request for a medical review panel suspends the running of that one year prescriptive period. When the medical review panel process comes to an end, the plaintiff has 90 days plus whatever time remains on the one year period in which to file suit. Because Mrs. Turner waited until the last day of the one year period to file the request for the medical review panel, prescription was suspended, but she had no time remaining on that one year period to add to the statutory 90 day grace period after the malpractice complaint was dismissed.

. We note that the nine month letter in this case did not mention this period, but only stated that pursuant to the terms of the statute, her claim would be dismissed unless she appointed an attorney chairperson within one year of August 20, 2009, and that the PCF would “close the claim” if they did not receive notice of the selection by August 20, 2010. No party has argued that the 90 grace period begins 90 days after the nine month letter.

. Until Acts 2003, No. 1263, Sec. 1, eff. July 7, 2003, La. R.S. 40:1299.47(A)(2)(c), the section of the statute in dispute read, ‘‘[t]he board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant’s attorney if no action has been taken by the claimant ... to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed.” Thus, in addition to extending the one year period to two years, the statute provided the board must dismiss the claim 90 days after giving notice that the two year period has passed. This provides more support that notice is not the triggering factor for dismissal as it is no longer mentioned.