# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 17-405

**BARRY GIGLIO AND MARLA GIGLIO**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT OF CHILD AND FAMILY SERVICES, STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE POLICE, MINDY VENABLE, DWAYNE VENABLE, AND PAM MCGEE**

**\*\*\*\*\*\*\*\*\*\***

ON SUPERVISORY WRITS FROM THE
27TH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-2445
HONORABLE GERARD CASWELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Shannon J. Gremillion, Judges.

### MOTIONS DENIED.  WRIT GRANTED AND MADE PEREMPTORY.

**Gregory K. Moroux, Sr.**
**Special Assistant Attorney General**
**Onebane Law Firm**
**Post Office Box 3507**
**Lafayette, LA  70502**
**Telephone: (337) 237-2660**
**Facsimile:  (337) 266-1232**
**Counsel for Applicants:**
  **State of Louisiana, Department of Public Safety and Corrections**

**Patrick M. Wartelle**
**Special Assistant Attorney General**
**Leake & Andersson LLP**
**Post Office Drawer Z**
**Lafayette, LA  70501**
**Telephone :  (337)  233-7430**
**Facsimile:  (337) 233-8403**
**Counsel for Applicants:**
  **Dwayne and Mindy Venable**

**Barry Giglio**
**2774 Chicot Park Rd.**
**Ville Platte, LA 70876**
  **In Proper Person**

**Marla Giglio**
**213 Udstad St.**
**Port Sulphur, LA  70083**
  **In Proper Person**

**PICKETT, Judge.**

The defendants-relators, State of Louisiana, Department of Public Safety and Corrections (DPSC), and Mindy and Dwayne Venable (the Venables), seek supervisory writ from the judgment of the trial court, which denied their motions to dismiss for abandonment.

**STATEMENT OF THE CASE**

On May 17, 2013, the plaintiffs, Barry and Marla Giglio, filed suit against DPSC and the Venables for damages plaintiffs allegedly sustained as a result of their wrongful arrest and investigation for child molestation arising out of the defendants' "malicious, reckless, and false accusations." DPSC and the Venables filed their motions for dismissal based on abandonment pursuant to La.Code Civ.P. art. 561 "after the lapse of three years with no activity to advance the case toward judgment since October 31, 2013, when a Protective Order was filed in the record." Reviewing the record, the trial court found a letter from the Giglios' counsel to the clerk of court requesting the issuance of a subpoena duces tecum to the Evangeline Parish Sheriff for records of the plaintiffs' arrests, stamped with a clerk's filing date of July 22, 2016. The trial court then ordered the parties to appear for a hearing to determine whether the letter would interrupt the running of abandonment. During the hearing, it was learned that the subpoena was issued, but the trial court found it was "safe to assume" that DPSC and the Venables were not served with notice of the subpoena. In fact, the defendants' counsel did not even know plaintiffs' counsel had enrolled or requested the subpoena until the trial court's order to appear prompted an investigation of the physical record. While the defendants' counsel argued the subpoena was formal discovery and had to be served on opposing counsel to interrupt the tolling of the abandonment period

under La.Code Civ.P. art. 561(B), plaintiffs' counsel argued the subpoena issued to a third party was not discovery and constituted a step in furtherance of the litigation. After hearing arguments from both sides, the trial court ruled from the bench:

> Here's my dilemma, there was a request, there was a[n] actual issuance of the subpoena by this clerk's office, all of which was in the record. I am perplexed as to whether that is sufficient to interrupt.. . I am somewhat concerned that, at the time of the filing of the Motion for Abandonment, the record did contain both a request for a subpoena, as well as an actual issuance of the subpoena by this clerk's office. I am also convinced that defense counsel did not receive a copy of that. Whether one was sent or not, I don't have proof of, but I do have that they tell me they didn't receive it. I believe that they didn't receive it. However, because I think it's a question of novelty for me, and it's a close question, as I said in the beginning, I don't grant an abandonment if I have any doubt whatsoever. Because I do have doubt, I'm going to deny the abandonment, Request for Abandonment.

The trial court stated for the record that its "ruling is based upon the assumption that had [the defendants' counsel] testified, that they would have testified that they never received a copy of the subpoena request by Mr. Richard." DPSC and the Venables now seek review of the trial court's ruling.[1]

## DISCUSSION

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. *But see* La.Code Civ.P. art. 2083, comment (b), "Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs." (Citation omitted.) "A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and may do so at any time, according to the discretion of the court." *Herlitz Const. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc.*, 396 So.2d 878 (La.1981) (per curiam). When the

---

[1] There is no formal judgment attached to this application. At the hearing, the trial court tasked plaintiffs with preparing a judgment. As of filing of this application, no judgment has been proposed, circulated, or submitted.

trial court's ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. *Id.*

Louisiana Code of Civil Procedure Article 561 sets forth the rules governing abandonment, providing (emphasis added):

> A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,
>
> . . . .
>
> B. Any formal discovery as authorized by this Code and *served on all parties whether or not filed of record*, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Abandonment occurs automatically upon the passing of three years without a step being taken by either party and is effective without court order. La.Code Civ.P. art. 561(A)(3). In this context, a "step" has long been defined as taking formal action before the court, which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784. To preserve their suit, plaintiffs must, therefore, met three requirements: (1) plaintiffs must take some "step" towards prosecution of their lawsuit; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within the legislatively prescribed time period from the last step taken by either party. *James*, 813 So.2d 335. Because abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned, our courts liberally construe Article 561 in favor of maintaining a plaintiff's suit. *Clark*, 785 So.2d 779.

3

Our Code of Civil Procedure allows a party to request by letter the issuance of a subpoena duces tecum on non-parties. While the purpose of La.Code Civ.P. art. 1354 is to compel production of designated documents and things in trials or hearings, La.Code Civ.P. art. 1463 regulates pretrial discovery of documents and things. Relevant herein, La.Code Civ.P. art. 1463(B) provides (emphasis added):

> B. In addition, a party may have a subpoena duces tecum served on a person not a party directing that person to produce documents . . . . A reasonable notice of the intended inspection, specifying the date, time, and place *shall be served on all other parties*.

The first circuit, in *Paternostro v. Falgoust*, 03-2214, pp. 6-7 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, 23, *writ denied*, 04-2524 (La. 12/17/04), 888 So.2d 870, interpreted this provision in the context of abandonment, holding:

> According to the plain language of La. C.C.P. art. 1463, requests for production of documents may be directed to non-parties. However, the exception to the formal action requirement, found in La. C.C.P. art. 561(B), only applies to formal discovery that is authorized by the Code and served on all parties. *See Clark*, 00-3010, p. 6 n. 6, 785 So.2d at 784 n. 6. This requirement of service is in keeping with the concept of notice, which the supreme court recently addressed as follows: The rule requiring a party's action to be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment. *Clark*, 00-3010, at p. 17, 785 So.2d at 790. Otherwise, actions interrupting abandonment could occur without opposing parties formally learning of them for months or years, to their possible prejudice. *Clark*, 00-3010 at p. 17, 785 So.2d at 790.
>
> Therefore, we find that in order for request for production of documents to a non-party to be considered a step in the prosecution of a case, it must be served on all parties. In the instant action, plaintiff did not serve Dr. Falgoust with notice as required by La. C.C.P. art. 561(B) and did not file his requests for production of documents to non-parties into the record of the suit. Therefore, we find that plaintiff failed to establish that his requests for production of documents directed to non-parties qualified as steps in the prosecution of his suit.

DPSC and the Venables assert that the trial court erred in (1) denying their motions to dismiss, (2) considering the plaintiffs' arguments after they failed to file

4

any briefs on the issues, and (3) failing to consider that the plaintiffs have the burden of proof to show that a step was taken in the prosecution. Ultimately, the defendants' position rests on their submission that the last step taken in the case toward prosecution sufficient to interrupt the running of the three-year abandonment period occurred on October 31, 2013, when the trial court entered the protective order. Under the terms of Article 561(B), they argue that the letter requesting a subpoena duces tecum cannot be deemed a step in the prosecution, because notice of same was not "served on all the parties, whether or not filed of record." Citing *Mosely v. Missouri Pacific R.R. Co.*, 36,907 (La.App. 2 Cir. 3/5/03), 839 So.2d 1218, *writ denied*, 03-989 (La. 5/30/03), 845 So.2d 1055 (holding notice of informal discovery must be served on opposing counsel to constitute a step in the prosecution). The defendants even note that, to date, they have received nothing from plaintiffs' counsel and that there is no indication in the record that the subpoena was issued, served, satisfied, or returned. They are likewise critical of the manner in which the plaintiffs' counsel requested the subpoena, as no notice of deposition under La.Code Civ.P. art. 1421 and 1438 were shown with the letter.

In opposition, plaintiffs assert the filing of the letter in the record was a step in the prosecution, as counsel had no intention other than proceeding to trial. While discovery is specifically mentioned in Article 561, the use of the court's subpoena powers to mandate a third party's production of records is not. Regardless, they claim it is still preparation and a step in the prosecution, which is not required to be disclosed to opposing counsel or formally served other than by regular U.S. mail. They argue that the record is proof and protection for all counsel, the court, and parties as to actions outside of discovery requests. The

Giglios also take exception with the lack of candor evidenced in the affidavits, executed by the defendants' counsel and attached to the motions to dismiss, in which counsel attested to personal knowledge of no existence in the record of a step in the prosecution when, in fact, it had discovered filings and yet still allowed said motions to remain before the court.

At issue herein is whether plaintiffs' request for the issuance of a subpoena duces tecum on a third party constitutes a step in the prosecution so as to interrupt the running of abandonment when it was filed in the record but not served on opposing counsel. Jurisprudentially, a step in the prosecution must appear in the record to ensure notice to the defendant of actions taken that interrupt abandonment. *Clark*, 785 So.2d 779. "When any party to a lawsuit takes formal action in the trial court, it is effective as to all parties." *Delta Dev. Co., Inc. v. Jurgens*, 456 So.2d 145, 146 (La.1984). Louisiana Code Civil Procedure Article 561(B) sets forth an exception to this formal action requirement for formal discovery that is "authorized by this Code and served on all parties, whether or not filed of record." Codification of this exception was directly prompted by criticism from judges and commentators of the formal requirement in formal discovery, namely depositions taken with the consent of both parties and in which both parties participated. *Clark*, 785 So.2d 779.

Here, the letter and subpoena both meet the formal action requirement, but were never served on the opposing parties, who did not even know they were filed. This flies in the face of the whole rationale for the judicial engraftment of the formal action requirement onto Article 561 in the first place. As Judge Tate explained, allowing informal, ex parte actions to serve as a step in the prosecution "might interrupt prescription against abandonment without the opposing parties

6

formally learning of them for months or years, to their possible prejudice." *DeClouet v. Kansas City Southern Ry. Co.*, 176 So.2d 471, 476 (La.App. 3 Cir.), *writ refused*, 178 So.2d 662 (La.1965)(Tate, J., dissenting from denial of rehearing). That is exactly what happened in this case, as the relators had no knowledge of the request or subpoena for about seven months.

We find that the letter requesting the issuance of a subpoena is properly classified as a discovery request, a particular type of step in the prosecution of a case. Article 561(B) requires that for a discovery request to interrupt prescription, it must be served on all parties. The trial court clearly found that notice of the subpoena was not served on the defendants. Therefore, the matter should have been adjudged abandoned. The trial court's ruling is reversed, and the case is remanded for the trial court to enter a formal order of dismissal as of October 31, 2016. *See* La.Code Civ.P. art. 561(A)(3).

Finally, DPSC and the Venables have filed a Motion for Sanctions and/or Dismissal for Failure to Comply with Signed Certificate, citing the failure of the plaintiffs to serve copies of their briefs to the defendants. Uniform Rules – Courts of Appeal Rules 2-14.1 and 2-14.2. There is no authority for this court to award sanctions for failure to comply with these rules. *See Williams v. Andrus*, 11-239 (La.App. 3 Cir. 10/5/11), 74 So.3d 818, *writ denied*, 11-2464 (La. 1/20/12), 78 So.3d 144. Furthermore, in order to award sanctions, this court would have to take evidence to determine if the briefs were properly served, and we are not a court of record. The motions for sanctions and/or dismissal is denied.

**MOTIONS DENIED. WRIT GRANTED AND MADE PEREMPTORY.**