| SUCCESSION OF MRS. | * | NO. 2024-CA-0292 |
| GENEVA FOSTER, WIDOW | | |
| OF SAM HARRIS, JR. | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2008-08166, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

Michael T. Joseph, Jr.
ATTORNEY AT LAW
7008 Neptune Ct.
New Orleans, LA 70126

      COUNSEL FOR PLAINTIFF/APPELLANT

Zachary J. Delerno
ATTORNEY AT LAW
2901 Houma Blvd., Ste. 1
Metairie, LA 70006

      COUNSEL FOR INTERVENOR/APPELLEE

      **MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED;
REQUEST FOR ATTORNEY'S FEES AND COSTS DENIED**
           **January 9, 2025**

Appellant, Charles Harris ("Mr. Harris"), appeals the trial court's February 21, 2024 judgment deeming the Charles E. Harris Testamentary Trust to be a valid trust. After considering the record before this Court, we affirm the trial court's judgment.

**PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

On March 21, 1994, Geneva Foster Harris ("Mrs. Harris") executed a Last Will and Testament ("Testament") and bequeathed her estate to the Charles E. Harris Testamentary Trust ("Trust") naming her son, Mr. Harris, as its income beneficiary for his lifetime; Rodney Harris ("Mr. R. Harris"), Mrs. Harris' grandson, and Rachelle Harris Krantz ("Mrs. Krantz") as its principal beneficiaries in the proportions of two-thirds and one-third, respectively; and Mr. R. Harris as its trustee. Mrs. Harris died on May 13, 2008, and in the same year, her succession was opened.

On January 2, 2024, Mr. Harris filed a motion to determine the validity of the trust ("motion") on the basis that the Testament contained a prohibited substitution. Mrs. Krantz intervened in the proceedings. Mr. Harris' motion was heard on

February 1, 2024. Ruling from the bench, the trial court determined the Trust was a valid trust under the law and denied the motion. On February 21, 2024, the trial court issued a written judgment with a notice of signing of judgment. Six days later, the trial court issued written reasons for judgment with a notice of signing of judgment. On the same day the trial court issued its written reasons for judgment, Mr. Harris filed a motion for devolutive appeal, and the trial court signed the order granting the appeal on March 1, 2024. This appeal timely follows.

## STANDARD OF REVIEW

As the facts of this case are undisputed and the issue on appeal involves a question of law, this matter is subject to a *de novo* standard of review. *See Baxter v. Roth*, 2019-0113, p. 4 (La. App. 1 Cir. 6/24/20), 307 So.3d 1047, 1050 (citing *Turner v. Willis Knighton Med. Ctr.*, 2012-0703, p. 5 (La. 12/4/12), 108 So.3d 60, 62).

## DISCUSSION

### *Motion to Dismiss*

As a preliminary matter, this Court addresses Mrs. Krantz's motion to dismiss for failure to file and serve notice ("motion to dismiss"). On August 27, 2024, Mrs. Krantz filed a motion to dismiss with this Court asserting Mr. Harris' attorney has failed to provide notice of his filings to any of the parties in this matter. Mrs. Krantz maintains that under the law, she is supposed to have an opportunity to review Mr. Harris' filings and respond accordingly, and his failure to provide proper notice has prejudiced her throughout this appeal.

2

Rule 2-14.1 of the Uniform Rules – Courts of Appeal requires service of all documents filed in this Court on all parties or counsel of record in accordance with La. C.C.P. art. 1313.[1] Further, Rule 2-14.2 mandates a certificate substantiating the method of service on all parties and counsel of record.[2] The Uniform Rules require litigants to serve opposing parties with copies of their filings at or before the time of filing. However, this Court lacks authority to dismiss an appeal for failure to comply with these Uniform Rules. *See Giglio v. State*, 2017-405, p. 7 (La. App. 3 Cir. 9/20/17), 227 So.3d 851, 856. "[I]n order to [dismiss this appeal], this [C]ourt would have to take evidence to determine if [Mr. Harris' filings] were properly served, and we are not a court of record." *Id.* Accordingly, Mrs. Krantz's motion to dismiss is denied.

### *Charles E. Harris Testamentary Trust*

On appeal, Mr. Harris asserts two assignments of error[3], which can be succinctly summarized into one salient issue for this Court to consider – whether the

---

[1] Rule 2-14.1 of the Uniform Rules – Courts of Appeal provides, "At or before the time of filing, legible copies of all documents filed in a Court of Appeal by any party shall be served in accordance with the provisions of Louisiana Code of Civil Procedure article 1313 to opposing counsel of record and to each opposing party not represented by counsel."

[2] Rules 2-14.2 of the Uniform Rules – Courts of Appeal explains, "The fact of such service shall be evidenced by a certificate listing all parties and all counsel, indicating the parties each represents, and showing when and by what means such service was accomplished."

[3] Specifically, Mr. Harris asserts:

1. The trial court erred in determining that no prohibited substitution existed in the Last Will and Testament of Geneva Foster when it failed to recognize that the requirements outlined *in Baten v. Taylor* were met. Specifically, the court overlooked the following elements: (1) Imposition of a Duty to Preserve; (2) Prohibition of Alienation; and (3) Ultimate delivery to a substitute beneficiary; and

2. The trial court erred in finding that the testament of Geneva Foster Harris did not contain a prohibited substitution by improperly prioritizing the testator's

trial court erred in determining: (1) the Trust was a valid trust, and (2) prohibited substitutions are allowed for trusts. "The fundamental rule of interpreting wills is La. C.C. art. 1611, which states in pertinent part: 'The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit.'" *Succession of Henderson*, 50,475, p. 7 (La. App. 2 Cir. 2/24/16), 191 So.3d 9, 14. "The intent of the testator is the 'paramount consideration' in determining the provisions of a will." *Id.* (citing *Succession of Williams,* 608 So.2d 973 (La.1992)).

"A trust is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." *Id.* at p. 8, 191 So.3d at 14 (citing La. R.S. 9:1731). "A settlor may dispose of property in trust to the same extent that he may dispose of that property free of trust." *Id.* (citations omitted). "No particular language is required to create a trust, but it must clearly appear that the creation of a trust is intended." *Id.* (citation omitted). "A trust instrument shall be given an interpretation that will sustain the effectiveness of its provisions if the instrument is susceptible of such an interpretation." *Id.* (citations omitted). "It suffices if the instrument as a whole reflects the intent to establish a trust." *Id.* (citations omitted).

Based on the law and the record before this Court, Mrs. Harris created a valid Louisiana testamentary trust in her Testament. Louisiana Revised Statutes 9:1733

---

perceived intent over the testament's clear language, contrary to the legal principles established in *Succession of Vaughn*.

provides, "[a] trust is testamentary when it is created by donation mortis causa." "A donation mortis causa is an act to take effect at the death of the donor by which he disposes of the whole or a part of his property." La. C.C. art. 1469. Prior to her death, Mrs. Harris created a testament that would take effect at the time of her death, which specifically stated:

> I give and bequeath my entire estate, immovable, movable and mixed, wheresoever located, all property of which I may die possessed, including my property located at 382 Aitman Road, Natchez, Mississippi in trust for the sole use and benefit of my son, Charles E. Harris, under the following terms and conditions, hereby creating a testamentary trust, which shall be the "Charles E. Harris Testamentary Trust" in accordance with the Louisiana Trust Code and all laws amendatory thereof, as may be applicable upon my death and thereafter. I name, constitute and appoint Rodney E. Harris, my grandson, as Trustee of the Trust.

In accordance with Louisiana's Trust Code, Mrs. Harris' Testament explicitly transferred property ("give and bequeath my entire estate, immovable, movable and mixed, wheresoever located, all property of which I may die possessed, including my property located at 382 Aitman Road, Natchez, Mississippi") to be administered by the executor ("I name, constitute and appoint Rodney E. Harris, my grandson, as Trustee of the Trust") for the benefit of another ("for the sole use and benefit of my son, Charles E. Harris, under the following terms and conditions, hereby creating a testamentary trust, which shall be the 'Charles E. Harris Testamentary Trust'"). Therefore, contained within the Testament is every essential element for the creation of a valid testamentary trust.

Mr. Harris' primary argument is the Trust should be declared an absolute nullity because it contained a prohibited substitution. We disagree. A prohibited substitution is defined in La. C.C. art. 1520, which provides:

> [a] disposition that is not in trust by which a thing is donated in full ownership to a first donee, called the institute, with a charge to preserve the thing and deliver it to a second donee, called the substitute, at the death of the institute, is null with regard to both the institute and the substitute.

As it relates to trusts, "[a] disposition authorized by Louisiana's Trust Code may be made in trust even though it would be a prohibited substitution if made free of trust." *Henderson*, 50,475, p. 8, 191 So.3d at 14 (citing La. R.S. 9:1723) (other citations omitted). Whether or not Mrs. Krantz's Testament contains a prohibited substitution is irrelevant. The plain text of La. C.C. art. 1520 and jurisprudence clearly demonstrate an exception that permits prohibited substitutions in trusts. As we have already determined that Mrs. Harris' Testament created a valid trust, any argument that the Trust should be nullified because it contains a prohibited substitution is meritless. Therefore, the trial court did not err in denying Mr. Harris' motion and validating the Trust.

### *Request for Attorney's Fees and Costs*

In her Appellee brief, Mrs. Krantz requests an award of attorney's fees and costs due to Mr. Harris' alleged tactics to unduly delay these proceedings and his frivolous appeal. However, Mrs. Krantz failed to file an answer to the appeal. Procedurally, we find Mrs. Krantz's request for attorney's fees and costs is not properly before this Court. La. C.C. art. 2133 (A) states, in pertinent part:

6

An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.

A request for attorney's fees and costs are properly requested when contained in an answer, not a brief. *Mendoza v. Mendoza*, 2014-954, p. 7 (La. App. 5 Cir. 5/14/15), 170 So.3d 1119, 1123, n.2. Without the filing of an answer to the appeal, this Court is without authority to order the award Mrs. Krantz's request. Therefore, Mrs. Krantz's request for an award of attorney's fees and costs is denied.

### DECREE

For the foregoing reasons, we deny Mrs. Krantz's motion to dismiss; affirm the trial court's February 21, 2024 judgment deeming the Charles E. Harris Testamentary Trust to be a valid trust; and deny Mrs. Krantz's request for attorney's fees and costs.

**MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED; REQUEST FOR ATTORNEY'S FEES AND COSTS DENIED**