# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-545


**ZILLOW, INC.**

**VERSUS**

**MICHAEL C. BEALER IN HIS CAPACITY
AS ASSESSOR FOR THE PARISH OF VERNON**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 99,684
HONORABLE TONY A. BENNETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CANDYCE G. PERRET
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Candyce G. Perret, and J. Larry Vidrine,[1] Judges.


**AFFIRMED.**

---

[1] Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Scott L. Sternberg**
**Marcia Suzanne Montero**
**Graham H. Williams**
**Michael s. Finkelstein**
**Sternberg, Naccari & White, LLC**
**935 Gravier Street, Suite 2020**
**New Orleans, LA   70112**
**(504) 324-2141**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Zillow, Inc.**

**Brian A. Eddington**
**3060 Valley Creek Drive, Suite A**
**Baton Rouge, LA   70808**
**(225) 924-4066**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Michael C. Bealer, Assessor for Vernon Parish**

**PERRET, Judge.**

This is a mandamus action seeking to obtain documents pursuant to the Louisiana public records law. Zillow, Inc. ("Zillow") filed a petition for a writ of mandamus to compel defendant, Michael C. Bealer, in his capacity as Assessor of Vernon Parish, to provide "an electronic copy of the current 2019 Web Files and Collections file for all parcels in Vernon Parish in text file format, its native format[.]" Although Zillow acknowledges that Assessor Bealer responded to its public records request, it argues that the requested information was incomplete and not delivered in text file format. From the trial court's judgment dismissing this action, Zillow now appeals. For the following reasons, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY:**

On February 9, 2021, Zillow filed a petition for writ of mandamus against Assessor Bealer alleging that on February 20, 2020, it requested an electronic copy, in text file format, of the current 2019 Web Files and Collections file for all parcels in Vernon Parish pursuant to the Louisiana Public Records Act. Zillow alleged that it paid Assessor Bealer $1,250 for the public information but that the file it received "was not complete and did not include all parcels in Vernon Parish." Specifically, the petition states, in pertinent part (reference to exhibits omitted):

5.

The Defendant finally produced a file [at] the end of May 2020 in exchange for $1,250 payment to the Defendant. The file, however, was not complete and did not include all parcels in Vernon Parish.

6.

On June 16, 2020, after several unanswered calls and emails from Zillow, Defendant responded stating he would resend the file to include all the requested information.

7.

The Defendant never resent the file. Accordingly, Zillow retained a contract attorney, Patrice A. Bazianos, to assist Zillow in dealing with the Defendant. Ms. Bazianos contacted the Defendant and requested that the Defendant either reproduce a complete file or allow Zillow to purchase the file from the parish vendor for no additional fee.

8.

Defendant stated that it would allow Zillow to purchase the complete file from its vendor only if Zillow paid the vendor's fee in addition to the $1,250 Zillow paid to the Defendant, thus converting the $1,250 payment to the Defendant into an authorization fee.

9.

Ms. Bazianos rejected Defendant's offer to convert the $1,250 payment into an authorization fee only for Zillow to have to pay an additional fee to vendor.

10.

Petitioner hired undersigned counsel, who initiated contact with Defendant's, but has been unable to secure the requested records in their native format.

11.

Defendant has willfully and wantonly violated the Public Records Law, and should be liable for attorney's fees and damages for unreasonable withholding of public records.

On June 29, 2021, Assessor Bealer filed a memorandum in opposition to the petition for writ of mandamus stating that he provided Zillow with the information requested for a charge of $1,250 but that "Zillow responded that the information provided was 'incomplete' (without ever identifying what information was missing) and demanded a refund, which Assessor Bealer provided." The opposition further stated that "Zillow then demanded that Assessor Bealer 'authorize' his software service provider [Software and Services] to create 'an electronic copy of the current 2019 Web Files and Collections file for all parcels in Vernon Parish in text file format.'" Assessor Bealer argues that there is no legal basis for a court to "order a

2

custodian of public records to direct a third-party software service provider to generate and produce a copy of 'data in its native format' that it has the ability to access by virtue of the software it provides to the custodian."

Assessor Bealer also filed supplemental memorandums in opposition wherein he cites to recent rulings in the 7th and 20th Judicial District Courts that rejected the same claims against other assessors that Zillow is now asserting against him. Specifically, in *Zillow, Inc. v. Matt Taylor, In His Capacity as the Assessor for the Parish of Catahoula*, the trial judge's reasons for judgment, rendered on April 27, 2021, provided, in pertinent part:

> Thereafter on February 1, 2021, Zillow, Inc. filed a Petition for Writ of Mandamus against Matt Taylor in his Official Capacity as Assessor for the Parish of Catahoula. Zillow Inc. seeks to have the Assessor produce a copy of the 2019 assessment records of Catahoula Parish in its "native format" which includes ownership, values, and property characteristics for all parcels in Catahoula Parish, Louisiana.
>
> . . . .
>
> Assessor Taylor testified his office is small, only has two employees, and it does not maintain an IT staff. Taylor, further testified that he retains the services of a third party vendor to generate the "electronic roll" of the Catahoula Parish assessment records which is sent to the Louisiana Tax Commission and his office does not retain a copy of this "electronic roll".
>
> Plaintiff cites cases which are inapplicable in this instance. The *Williams Law Firm v*[.] *Board of Supervisor of Louisiana State University* case 2003-0079 (La.App[.] 1 Cir 4/2/04) 878 So[.]2d 557 was a case where the defendant kept data concerning parishes and was obligated to report it once per year. In *Times Picayune Pub v*[.] *Johnson* 94-0790 (L[a].App[.] 4 Cir. 10/3/94) 645 So[.]2d 1174, [c]ustody of records was intentionally transferred to avoid responsibilities of Public Records Law.
>
> Zillow Inc. argues that the Catahoula Assessor should produce a copy of the 2019 Catahoula Parish Assessment roll in its "native format" even though the office is incapable of producing that information. The court finds that information is not a public document but is a list of raw data such as property characteristics, property value, and property ownership. The Catahoula Assessor is not required to create documents in the format requested by Zillow Inc.

3

Assessor Bealer also attached the transcript of the trial judge's oral reasons for judgment in *Zillow, Inc. v. Jeffrey Garner, In His Official Capacity as Assessor for the Parish of East Feliciana,* rendered on May 3, 2021, which states:

> BY THE COURT: Thank you. All right. Quite frankly, I don't really see this as a dispute over the public records. Nobody is denying that the tax records themselves are public records. Mr. Eddington has said that. Obviously, Mr. Sternberg agrees with that portion.
>
> I see this completely as an argument over an entity trying to force the Assessor to provide the information in a particular format that they will find more user-friendly to whatever they wish to do with it. Which, given the fact that [Z]illow is a real estate company and, as Mr. Sternberg has indicated, they want to make their in-house analysis, apparently of property values and living expenses in the area. I don't believe that the Assessor's Office is obligated to assist a real estate company, or any other company for that matter, I'm not picking on real estate companies, with their business endeavors.
>
> The Assessor's Office is absolutely obligated to provide in whatever format they maintain in their office and in their database, whatever format they have in order to accurately copy and provide the information to the requestor at a reasonable cost. If this is PDFs on CDs, then that's a few punches of the buttons. And I would suspect more than one CD given the number of parcels, however many that may be, in an entire parish. But if Mr. Eddington and his client say that twenty-five dollars is a reasonable fee for that, then that's -- I certainly would not disagree that that is a reasonable fee.
>
> I do not believe that the Assessor's Office is obligated under the public records law to put the information in a particular format. So, for that reason, the -- that portion of the Writ of Mandamus is denied.

Similarly, in the case *sub judice*, the trial judge ruled in favor of Assessor Bealer and dismissed Zillow's case. In his reasons for judgment, the trial judge stated, in pertinent part (footnotes omitted):

> Zillow paid $1,250 to Bealer's office in advance for research and reproduction costs and in May 2020 Bealer's office produced the records. However, Zillow claimed Bealer's response was both incomplete and not in the format it requested. Zillow requested a refund of advance costs. Bealer contends his office does not maintain the records sought in text file, native format. Rather, the records in this format are accessible through a third-party contractor called Software and Services. Thereafter, Zillow filed a Petition for Writ of Mandamus against Bealer in his Official Capacity as Assessor for the Parish of Vernon.

4

. . . .

In Zillow's pretrial memorandum and at hearing, counsel for Zillow acknowledged that Bealer has produced the public records requested but not in "text file" format. Bealer testified his office does not maintain the information sought by Zillow in text file format.

The Court finds:

1) Assessor Bealer has complied with the Public Records Act by producing assessment records that are in his custody.

2) The assessment database in its native format is maintained by a third-party and not a public document.

3) Assessor Bealer does not have in his custody "an electronic copy of the current 2019 Web Files and Collections file for all parcels in Vernon Parish in text file format[.]"

The Court finds petitioner, Zillow, Inc., has not proven the records sought from Assessor Bealer are actually in Bealer's custody. Bealer is not required to create an assessment database in its native format because it is not a public document.

The Petition for Writ of Mandamus filed by Zillow, Inc. is dismissed and Plaintiff is cast with all costs.

Zillow appeals this trial court judgment, asserting the following five assignments of error:

1. The trial court erred in dismissing Zillow's Petition for Writ of Mandamus.

2. The trial court erred in holding that the assessment database Zillow requested is not a public document.

3. The trial court erred in its interpretation of the Louisiana Public Records Law and in placing the burden of proof on Zillow.

4. The trial court erred in giving credit to Assessor Bealer's inconsistent testimony and statements, and in finding "Assessor Bealer does not have in his custody 'an electronic copy of the current 2019 Web Files and Collections file for all parcels in Vernon Parish in text file format[.]'"

5. The trial court erred in failing to award attorneys' fees and costs to Zillow.

**STANDARD OF REVIEW:**

"An appellate court reviews a trial court's judgment denying a writ of mandamus under an abuse of discretion standard." *Stevens Constr. & Design, L.L.C. v. St. Tammany Fire Prot. Dist. No. 1*, 19-955, pp. 8-9 (La.App. 1 Cir. 7/8/20), 308 So.3d 724, 731, *writ denied*, 20-990 (La. 11/4/20), 303 So.3d 652. Additionally, "[f]indings of fact regarding whether to issue a writ of mandamus are subject to the manifest error standard of review." *Hess v. M & C Ins., Inc.*, 14-962, p. 3 (La.App. 3 Cir. 2/11/15), 157 So.3d 1200, 1203. Under a manifest error standard of review, this court can only reverse if it finds, based on the entire record, that there is no reasonable factual basis for the factual finding and that the fact finder is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993).

However, questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the de novo standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. *Thibodeaux v. Donnell*, 08-2436 (La. 5/5/09), 9 So.3d 120.

**DISCUSSION:**

Louisiana Code of Civil Procedure Article 3861 defines mandamus as "a writ directing a public officer . . . to perform any of the duties set forth in Articles 3863[.]" According to La.Code Civ.P. art. 3863, "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor." "A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Hoag v. State*, 04-857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024. The critical element necessary for the issuance of mandamus is that "the public official to whom the writ is directed may

exercise no element of discretion when complying." *Id.* at 1024. "If a public officer is vested with any element of discretion, mandamus will not lie." *Id.* at 1024.

Additionally, Louisiana's public records law provides for its own mandamus remedy in La.R.S. 44:35(A), which states:

> A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

Before addressing the merits of the writ of mandamus, it is necessary to review the Louisiana Constitution and the public records law. Louisiana Constitution Article XII, § 3 provides that: "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Louisiana legislature has codified this right in the Public Records Act, La.R.S. 44:1 *et seq.*, while La.R.S. 44:31 implements this guarantee by providing:

> A. Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees.
>
> B. (1) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person of the age of majority may inspect, copy, or reproduce any public record.
>
> (2) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person may obtain a copy or reproduction of any public record.
>
> (3) The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.

7

A "public record" is defined in La.R.S. 44:1(A)(2)(a) as follows:

All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.

Louisiana Revised Statutes 44:32 defines the duties of the custodian and provides, in pertinent part:

A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.

B. If any record contains material which is not a public record, the custodian may separate the nonpublic record and make the public record available for examination.

C. (1)(a) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. The custodian may request payment of fees in advance of production.

Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.

Louisiana's public records law "should be construed liberally in favor of free and unrestricted access to public documents." *Shane v. Par. of Jefferson*, 14-2225, p. 9 (La. 12/8/15), 209 So. 3d 726, 735. Although La.R.S. 44:32(B) recognizes that portions of the requested material may be nonpublic and allows the custodian the option to separate that portion from the requested material, "the request for production of information cannot be so burdensome as to interfere with the operation of the custodian's constitutional and legal duties." *Williams L. Firm v. Bd. of Sup'rs of Louisiana State Univ.*, 03-79, p. 6 (La.App. 1 Cir. 4/2/04), 878 So.2d 557, 563.

Zillow raises five assignments of error that all flow from whether the trial court erred in denying Zillow's mandamus petition to compel Assessor Bealer to provide it with an electronic copy, in text file format, with the current 2019 Web Files and Collections file for all parcels in Vernon Parish. Assessor Bealer was the only witness to testify at the one-day hearing on the writ of mandamus.

Assessor Bealer testified that Zillow requested an electronic copy of the current 2019 Web Files and Collections file for all parcels in Vernon Parish in text file format but that his office does not keep records in the text file format. Assessor Bealer testified he told Zillow he would create the record at a cost of $1,250 and that he subsequently did so after receiving Zillow's payment to prepare the record. Upon receiving the requested record, Assessor Bealer testified that Zillow, through its attorney, contacted him saying that the file it received was "incomplete" and "they couldn't use the file." According to Assessor Bealer, Zillow did not identify any missing documents or parcels but merely commented that it "didn't think the file was large enough" and that "the file that we sent they -- they couldn't use." At that

9

time, Assessor Bealer testified that he offered Zillow a full refund of the $1,250, which Zillow accepted.

Assessor Bealer also testified regarding Zillow's request to acquire the data directly from his software contractor, Software and Services. Assessor Bealer testified, in pertinent part:

> Q. Okay. Uh, did Zillow separately request that you allow them to acquire, uh, the -- this data directly from Software and Services?
>
> A. They did.
>
> Q. And what was your response to that request?
>
> A. That I would not allow Software and Services to perform that task.
>
> Q. Okay. Did you at any time -- I mean, there was a statement a moment ago that you were willing to call Software and Services and have them release the requested data to Zillow for 1,250. Uh, did you ever make such a statement?
>
> A. No.
>
> Q. Uh, and, again, the -- the [$]1,250 - discussions were purely regarding the initial charge for you to produce these records for Zillow, correct?
>
> A. Correct.
>
> Q. And, again, that was the sum that was refunded?
>
> A. Correct.
>
> Q. Uh, can you explain to me why you were unwilling to simply call Software and Services and have them release the requested data to Zillow?
>
> A. Because some of the information that's included in our parish tax roll is confidential information received, um, on LAT forms from -- from taxpayers and it is in fact confidential.
>
> . . . .
>
> Q. Uh, does Software and Services have the ability, uh, I've heard it referred to as "on the back end" to access that data?
>
> A. Do they have the ability to access the data?

Q. Yes.

A. Yes.

Q. But that data's actually in the possession of your office, is it not?

A. Correct. It's on the server in our office.

Although Zillow argues on appeal that the "testimony at trial showed that Mr. Bealer's office can produce the information requested" and that "Zillow's request for the assessment data is a lawful request that seeks the production of a public record," we find that Assessor Bealer did in fact create and provide Zillow with the electronic copy of the records listing all parcels in the parish maintained by his office. Assessor Bealer was merely unable to provide the records to Zillow in the requested "text file format." However, jurisprudence holds that "[t]he custodian need only produce or make available for copying, reproduction, or inspection the existing records containing the requested information, and is not required to create new documents in the format requested." *Williams L. Firm,* 878 So.2d at 563, (citing *Nungesser v. Brown*, 95-3005 (La. 2/16/96), 667 So.2d 1036).

Although Zillow argues on appeal that Assessor Bealer's software service provider, Software and Services, has the data in the text file format, the uncontradicted testimony of Assessor Bealer was that he would not authorize Software and Services to release the requested data to Zillow because "some of the information that's included in our parish tax roll is confidential information received, um, on LAT forms from -- from taxpayers and it is in fact confidential." In support of this statement, Assessor Bealer cites to La.R.S. 47:2327, which addresses the confidentiality of tax forms. Louisiana Revised Statutes 47:2327 provides:

> Forms filed by a taxpayer pursuant to this Part shall be confidential and shall be used by the assessor, the governing authority, the Louisiana Tax Commission, and the Louisiana Department of Revenue, solely for the purpose of administering the provisions of this Part and verifying eligibility for tax credits claimed under R.S. 47:6006.

Such forms shall not be subject to the provisions of the Public Records Law, provided however, that such forms shall be admissible in evidence and subject to discovery in judicial or administrative proceedings according to general law relating to the production and discovery of evidence.

We agree with Assessor Bealer that the Louisiana Revised Statutes provide for confidentiality of taxpayer's reports. After reviewing the jurisprudence and statutory law, we find no legal support for Zillow's argument that Assessor Bealer be ordered to have his software service provider create the assessment record in a "text file format." Additionally, upon reviewing the record and Assessor Bealer's uncontradicted testimony, we find no manifest error in the trial court's factual findings that Assessor Bealer "complied with the Public Records Act by producing the assessment records that were in his custody[,]" that the "assessment database in its native format [text file format] is maintained by a third-party and not a public document[,]" and that "Assessor Bealer does not have in his custody 'an electronic copy of the current 2019 Web Files and Collections file for all parcels in Vernon Parish in text file format[.]'"

Because the trial court found that Assessor Bealer complied with the Public Records Act by producing the assessment records in his custody, it dismissed Zillow's petition for writ of mandamus. As such, it found Zillow does not have a right to be awarded attorney fees and costs under La.R.S. 44:35D(1), which provides that "[i]f a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation." We find no error by the trial court on this issue.

12

For the reasons stated herein, we hereby affirm the trial court judgment that denied Zillow's application for a writ of mandamus.  All costs of this appeal are assessed to Appellant, Zillow, Inc.

**AFFIRMED.**