# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 13-688

MARTI COCHRAN

VERSUS

SAFEWAY INSURANCE COMPANY
OF LOUISIANA AND KEONN GREEN

**********

APPEAL FROM THE
CITY COURT OF SULPHUR
PARISH OF CALCASIEU, DOCKET NO. 41,426-12
HONORABLE CHARLES SCHRUMPF, CITY COURT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese,
Judges.

AFFIRMED IN PART;
AMENDED IN PART; AND
REVERSED IN PART.

Dawn L. Morris
The Dill Firm
825 Lafayette Street
Lafayette, Louisiana 70501
(337) 261-1408
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Safeway Insurance Company of Louisiana and
    Keonn Green

**Kenny L. Oliver**
**David O. Way**
**Oliver & Way, L.L.C.**
**100 Rue Bastille**
**Post Office Box 82447**
**Lafayette, Louisiana  70598-2447**
**(337) 988-3500**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **Louisiana Farm Bureau Casualty Insurance Company**
   **(as UM insurer)**

**Gregory P. Marceaux**
**Marceaux Law Firm, L.L.C.**
**2901 Hodges Street**
**Lake Charles, Louisiana  70601**
**(337) 310-2233**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
   **Marti Cochran**

**H. David Vaughn II**
**Plauche, Smith & Nieset, LLC**
**Post Office Drawer 1705**
**Lake Charles, Louisiana  70602-1705**
**(337) 436-0522**
**COUNSEL FOR APPELLEE:**
   **Louisiana Farm Bureau Casualty Insurance Company**
   **(as subrogating insurer)**

**GENOVESE, Judge.**

In this personal injury action arising out of an automobile accident, the trial court found Plaintiff, Marti Cochran, free from fault and awarded her damages, a penalty, and attorney fees. Defendants, Keonn Green, and his liability insurer, Safeway Insurance Company of Louisiana (Safeway), and Plaintiff's uninsured/underinsured motorist (UM) carrier, Farm Bureau Casualty Insurance Company (Farm Bureau), have appealed. For the following reasons, we affirm in part, amend in part, and reverse in part.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of August 7, 2011, Ms. Cochran was involved in a rear-end automobile collision with Defendant, Keonn Green. Although there is a conflict in the testimony as to what exactly occurred, the series of events which lead to the incident at issue began at Wayne and Layne's Bar in Sulphur, Louisiana. Mr. Green and his friend, Edward Bates, started an argument at the bar with Casey Cormier, Ms. Cochran's boyfriend at the time. According to Ms. Cochran, she and Mr. Cormier left the bar and drove out of the parking lot, going north on Louisiana Highway 27 (Highway 27). Soon thereafter, Mr. Green's vehicle was closely following Ms. Cochran's vehicle. Ms. Cochran admits that she tapped her brakes, but claims it was not to the point where she would slow down. She contends that she only tapped her brakes to make her brake lights illuminate, hoping it would make Mr. Green stop following her too closely. As she came to the intersection of Carlyss Drive and Highway 27, Ms. Cochran slowed down for a red light. It is at this red light where she claims the rear-end automobile collision occurred.

Ms. Cochran filed suit against Mr. Green and his insurer, Safeway. She sought damages for her personal injuries, property damage to her vehicle, penalties, and attorney fees.

Safeway answered on behalf of Mr. Green,[1] denying all allegations and asserting certain affirmative defenses. Safeway also filed a Reconventional Demand and Third Party Demand. Safeway, as Plaintiff-in-Reconvention and Third Party Plaintiff, asserted claims against Ms. Cochran and her insurer, Farm Bureau, alleging that Ms. Cochran's negligence caused the collision. Safeway's Third Party Demand sought recovery for its payment of Mr. Green's property damages.

According to Mr. Green, while he and Mr. Edwards were attempting to leave the bar's parking lot, Ms. Cochran sped past them, with Mr. Cormier hanging out of the passenger's window yelling. Mr. Green testified that Ms. Cochran slammed on her brakes several times until the collision ultimately occurred. He denies that the collision occurred at an intersection and alleges that it was unavoidable and was caused by Ms. Cochran's intentional actions.

Farm Bureau filed its own Reconventional Demand against Safeway and Mr. Green. Farm Bureau sought subrogation for its payment of Ms. Cochran's property damage and rental expense.

Ms. Cochran also filed a Cross Claim against Farm Bureau, in its capacity as her UM carrier. Her Cross Claim was filed in the event she was awarded damages from Mr. Green which exceeded the limits of his liability insurance coverage.

Farm Bureau answered the Cross Claim, contending that Ms. Cochran's "alleged injuries and damages were caused [by] or were the result of an event not

---

[1]Mr. Green filed a pro se answer one day after Ms. Cochran's petition was filed, denying all allegations against him.

covered by the subject accident, i.e., an altercation[]" and "the negligent acts of [Ms. Cochran]," including "driving in a careless and dangerous manner[.]" Both Ms. Cochran and Mr. Green acknowledge that a physical altercation took place between them after the rear-end automobile collision occurred. Ms. Cochran claims Mr. Green punched her in the chest, causing her to fall to the ground. Mr. Green claims Ms. Cochran was attacking him, so, to defend himself, he pushed her away, and she fell to the ground.

A bench trial was held on March 21, 2013. In its oral reasons for judgment, the trial court found Mr. Green 100% at fault in causing the accident; however, it attributed only seventy-five percent of Ms. Cochran's alleged injuries to the rear-end automobile collision. The trial court also found that Safeway failed to tender a property damage payment to Ms. Cochran, a third party claimant, thereby warranting a penalty and attorney fees. Judgment was rendered in favor of Ms. Cochran and against Mr. Green, Safeway, in its capacity as Mr. Green's liability insurer, and Farm Bureau, in its capacity as Ms. Cochran's UM insurer, awarding Ms. Cochran $2,460.00 for past medical expenses, $20,000.00 in general damages ($15,000.00[2] for past pain and suffering and $5,000.00 for future pain and suffering), $158.83 for reimbursement of her rental expense, and $500.00 for reimbursement of her property damage deductible. Safeway and Mr. Green were also ordered to pay Farm Bureau, in its capacity as subrogating insurer, $2,566.41 for reimbursement of its payment for Ms. Cochran's property damage claim, and to pay Ms. Cochran a $1,000.00 penalty and $1,000.00 in attorney fees. Mr. Green,

_____

[2]The trial court reduced its initial $20,000.00 award for Ms. Cochran's past pain and suffering to $15,000.00 due to its finding that twenty-five percent of Ms. Cochran's physical injuries were attributable to the post-automobile-accident physical altercation. Ms. Cochran's petition for damages does not assert a claim against Mr. Green for damages resulting from said altercation.

3

Safeway, and Farm Bureau, in its capacity as UM insurer, have appealed the trial court's judgment.

## ASSIGNMENTS OF ERROR

Safeway and Mr. Green assign as error:

1.    The trial court committed legal error when it awarded penalties and attorney[] fees for Safeway's alleged failure to tender payment for a third party claimant's property damage contrary to statutory and jurisprudential law.

2.    The trial court erred by finding that only 25% of [Ms. Cochran's] alleged injuries were a result of the physical altercation.

3.    Alternatively to assignment number 2, the trial court committed legal error when it failed to reduce all of [Ms. Cochran's] damages for personal injuries by 25%, in particular, when it failed to reduce past medical expenses and future pain damages by 25%.

4.    The trial court committed manifest error when it failed to allocate a percentage of fault to [Ms. Cochran].

5.    The trial court committed legal error when it awarded damages in excess of its jurisdictional limit pursuant to [La.Code Civ.P.] art. 4843(E)[.]

Farm Bureau[3] assigns as error:

1.    The [t]rial [c]ourt erred in finding that only 25% of [Ms. Cochran's] alleged injuries were a result of the physical altercation rather than the automobile accident.

2.    The [t]rial [c]ourt committed legal error when it failed to reduce the award for medical expenses and "residual pain" by 25% given the [c]ourt reduced the award for general pain and suffering by 25% due to the lack of causation proven between the accident related injuries versus the altercation related injuries.

3.    The [t]rial [c]ourt committed manifest error when it failed to allocate a percentage of fault to [Ms. Cochran] in causing the subject automobile accident.

---

[3]Farm Bureau's three assignments of error repeat the second, third, and fourth errors, respectively, assigned by Safeway and Mr. Green; therefore, said errors will be addressed contemporaneously.

4

<h1 style="text-align:center">LAW AND DISCUSSION</h1>

*Safeway and Mr. Green's First Assignment of Error*

In the first assignment of error, Safeway and Mr. Green raise the issue of whether the trial court erroneously concluded that La.R.S. 22:1892(A)(4) and (B)(1) provide for the imposition of a penalty and attorney fees for the alleged failure to tender payment for a third party claimant's property damage.

> This issue requires the interpretation of a statute; thus, it raises a question of law. *Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev.*, 10-193 (La.1/19/11), 56 So.3d 181 (citing *Thibodeaux v. Donnell*, 08-2436 (La.5/5/09), 9 So.3d 120). Therefore, the appropriate standard to be applied by this court is the de novo standard of review. *Id.*

*State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 11-1355, p. 4 (La.App. 3 Cir. 4/4/12), 88 So.3d 1245, 1249.

The trial court awarded a $1,000.00 penalty and attorney fees of $1,000.00 to Ms. Cochran, specifically declaring it was doing so due to Safeway's failure to tender to Ms. Cochran the amount she claimed as property damage. The trial court made these awards pursuant to the provisions of La.R.S. 22:1892(A)(4) and (B)(1).

Louisiana Revised Statutes 22:1892 (emphasis added) sets forth the duties owed to its insured and a third party claimant by an insurer as follows, in pertinent part:

> A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.

> (2) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, R.S. 22:1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, *shall pay the amount of any third party property damage claim and of any reasonable medical*

5

*expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.*

(3) Except in the case of catastrophic loss, the insurer *shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. . . .* Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1973.

(4) All insurers *shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.*

B. (1) *Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured*, or to any of said employees, *or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. . . .*

Safeway argues that its written offer of $1,533.66 to settle Ms. Cochran's property damage claim fully complied with its obligations under La.R.S. 22:1892(A)(4). Safeway asserts that the trial court erred in its determination "that Louisiana law mandates that Safeway <u>actually tender payment</u> to a third party claimant for property damage claims[.]"

Ms. Cochran counters, arguing "that an offer of $1,533.66, to settle stipulated damages of $3,066.41, is 'arbitrary, capricious, or without probable cause' and subject[ed] Safeway to penalties and attorney fees." According to Ms. Cochran: "Under Safeway's logic, it could offer $1 on [her] property damage

6

claim of $3,066.41, and be immune from a claim for penalties and attorney fees." We disagree.

This court in *Armstrong v. Safeway Insurance Co.*, 10-183, p. 13 (La.App. 3 Cir. 10/6/10), 47 So.3d 63, 71, considered this same issue and concluded: "The law simply does not require an insurer to offer a third party claimant an unconditional tender." In addition, Safeway's offer of half the amount of Ms. Cochran's property damage claim was not arbitrary, capricious, or without probable cause. Ms. Cochran's degree of fault was always disputed. Even Farm Bureau, in its capacity as Ms. Cochran's UM insurer, asserted that Ms. Cochran's negligence was a factor in the rear-end automobile collision. Ms. Cochran's credibility was challenged by the testimony of both the police sergeant who investigated the rear-end automobile collision and the physical altercation, as well as by Ms. Cochran's treating physician, as further examined below. Therefore, we reverse that portion of the trial court's judgment awarding a $1,000.00 penalty and $1,000.00 for attorney fees to Ms. Cochran.

### Safeway and Mr. Green's Second & Farm Bureau's First Assignment of Error

Safeway, Mr. Green, and Farm Bureau raise the issue of whether the trial court erroneously concluded that only twenty-five percent of Ms. Cochran's injuries were a result of the physical altercation rather than the automobile accident. The testimony of the officer who investigated the accident and Ms. Cochran's treating physician were detrimental to her allegation that the rear-end collision was the sole cause of her injuries.

Sergeant Anthony Virgadamo, of the Sulphur Police Department, testified that Ms. Cochran did not complain to him of any injuries from the rear-end collision. Ms. Cochran reported to him that Mr. Green injured her during their

7

physical altercation. Dr. Timothy Van Cleve, Ms. Cochran's treating physician, testified that Ms. Cochran did not tell him that she was involved in a physical altercation. After learning of the physical altercation, Dr. Van Cleve admitted that his opinion as to causation of Ms. Cochran's injuries was based on an incomplete history. However, Dr. Van Cleve's testimony relative to Ms. Cochran's injuries was not disputed.

Factual findings of a trial court are subject to the manifest error standard of appellate review. *Detraz v. Lee*, 05-1263 (La. 1/17/07), 950 So.2d 557. Thus, an appellate court may not set aside the findings of the trial court unless it is manifestly erroneous or clearly wrong. *Greer v. State ex rel. Dep't of Transp. & Dev.*, 06-417 (La.App. 3 Cir. 10/4/06), 941 So.2d 141, *writ denied*, 06-2650 (La. 1/8/07), 948 So.2d 128.

> In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and meet the following two-part test: (1) find that a reasonable factual basis does not exist for the finding; and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993).

*Id*. at 145.

We do not find manifest error in the trial court's finding that only twenty-five percent of Ms. Cochran's injuries were a result of the physical altercation rather than the automobile accident. A reasonable factual basis does exist for the trial court's determination in this regard. This assignment of error is meritless.

### Safeway and Mr. Green's Third & Farm Bureau's Second Assignment of Error

Safeway, Mr. Green, and Farm Bureau raise the issue of whether the trial court erred when it failed to also reduce Ms. Cochran's award for medical

expenses and future pain and suffering by twenty-five percent, given its reduction of her past pain and suffering award by twenty-five percent due to the lack of causation proven between the accident-related injuries versus the altercation-related injuries. We agree.

Ms. Cochran's medical expenses and future pain and suffering awards were only partly attributed, and not fully attributed, to the automobile accident for which she asserted a claim. The trial court erred when it did not reduce all damages, including the damages for pain and suffering and medical expenses, by the same percentage.

Therefore, the judgment in favor of Ms. Cochran is amended to reflect a twenty-five percent reduction in the award for future pain and suffering from $5,000.00 to $3,750.00 and in the award for past medical expenses from $2,460.00 to $1,845.00.

***Safeway and Mr. Green's Fourth & Farm Bureau's Third Assignment of Error***

Safeway, Mr. Green, and Farm Bureau contend that the trial court was manifestly erroneous in its failure to asses Ms. Cochran with any percentage of fault. We disagree.

> When there are different theories presented to the fact finder for their consideration, the fact finder's credibility determination between the two plausible theories shall not be disturbed on appeal. *Cheairs v. State ex rel. Department of Transp. and Development*, 03-0680 (La.12/3/03), 861 So.2d 536, 546. Credibility determinations, including evaluating expert witness testimony, are for the trier of fact. *Sportsman Store of Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc.*, 99-0201, p. 6 (La.10/19/99), 748 So.2d 417, 421.

*Detraz,* 950 So.2d at 564. "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong, even if the reviewing court would have decided the case differently." *Id.* at

9

561 (citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217 (La. 4/3/02), 816 So.2d 270).

Ms. Cochran's version of the events that occurred differ greatly from Mr. Green's. It is apparent that the trial court accepted the testimony of Ms. Cochran as being the more credible of the two. Thus, the trial court's findings in this case are reasonable in light of our review of the record in its entirety. Though there are two permissible views of the evidence, the trial court's choice between them cannot be considered manifestly erroneous or clearly wrong, nor is this court allowed to simply substitute its judgment for that of the trial court. This assignment of error is meritless.

### Safeway and Mr. Green's Fifth Assignment of Error

Finally, Safeway and Mr. Green raise the issue of whether the trial court exceeded its jurisdictional authority. The City Court of Sulphur's jurisdictional limit is provided for in La.Code Civ.P. art. 4843(E) which provides, in pertinent part: "In . . . the City Court of Sulphur, . . . the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or value of the property involved, does not exceed twenty-five thousand dollars." Having previously determined that the trial court erred in failing to also reduce Ms. Cochran's award for medical expenses and future pain and suffering by twenty-five percent, Safeway and Mr. Green's final assignment of error has been rendered moot.

### DECREE

For the foregoing reasons, we affirm the trial court's judgment as to liability; we reverse the trial court's judgment in its assessment of a penalty and an attorney fee; and, we amend the trial court's judgment by reducing its future pain and suffering award and its medical expense award by twenty-five percent. Costs of

10

this appeal are to be equally assessed against Plaintiff, Marti Cochran, and Appellants, Safeway Insurance Company of Louisiana, Keonn Green, and Farm Bureau Casualty Insurance Company, in its capacity as UM insurer.

**AFFIRMED IN PART;**
**AMENDED IN PART; AND**
**REVERSED IN PART.**