STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1134

CLEARTRAC, LLC

VERSUS

LANRICK CONTRACTORS, LLC

Judgment Rendered: _MAY 1 5 2024_____

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court Docket Number 2017-2180, Div. "A"

Honorable Jeffrey Johnson, Judge Presiding

* * * * * * *

Brett M. Bollinger                     Counsel for Plaintiff/Appellant,
Jeffrey E. McDonald                    Cleartrac, LLC
L. Peter Englande, Jr.
Covington, Louisiana


Patrick K. Reso                        Counsel for Defendant/Appellee,
William N. Macaluso                    Lanrick Contractors, LLC
Hammond, Louisiana


* * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**PENZATO, J.**

In this appeal, Cleartrac, LLC seeks reversal of the trial court's November 23, 2022 judgment, which granted the peremptory exception of no right of action filed by defendant, Lanrick Contractors, LLC, and dismissed Cleartrac's petition to enforce judgment with prejudice. After the appeal was lodged, Lanrick filed a peremptory exception of lack of subject matter jurisdiction with this court. After review, we overrule the exception, reverse the judgment, and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Cleartrac, a Texas limited liability company, obtained a default judgment against Lanrick, a Louisiana limited liability company,[1] in Brazos County, Texas on August 26, 2010. The judgment ordered Lanrick to pay $51,519.47 to Cleartrac, along with specified sums for various costs and fees. Lanrick did not appeal this judgment.

The Texas judgment was made executory in the Twenty-Second Judicial District Court for St. Tammany Parish (docket no: 2010-17899) on March 28, 2011 and was made executory in the Twenty-First Judicial District Court for Tangipahoa Parish (docket no. 2011-0003850) on November 21, 2011. Thus, the Texas judgment has the same effect as if rendered by a Louisiana court. *See* La. R.S. 13:4242; La. C.C.P. art. 2541; *KJMonte Investments, LLC v. Acadian Properties Austin, LLC*, 2020-0204 (La. App. 1st Cir. 12/30/20), 319 So.3d 354, 359.[2] Again, Lanrick did not appeal the March 28, 2011 judgment or the November 21, 2011 judgment.

---

[1] According to Cleartrac's petition to enforce, Lanrick Contractors Corp. converted its corporate form to a limited liability company and changed its name to Lanrick Contractors, LLC.

[2] We do not determine whether Cleartrac utilized or complied with La. R.S. 13:4242 or La. C.C.P. art. 2541 when it made the Texas judgment executory in this state, as that issue is not before us in this appeal. *See Baker & McKenzie Advokatbyra v. Thinkstream Inc.*, 2008-2535 (La. App. 1st Cir. 6/19/09), 20 So.3d 1109, 1119 n.10 (discussing the distinction between the procedures set forth in La. R.S. 13:4242 and Article 2541).

2

Cleartrac voluntarily terminated its status as a Texas limited liability company effective June 25, 2014. June 25, 2017 marked three years from the date Cleartrac voluntarily terminated its Texas business status.

Cleartrac filed the subject petition to enforce in Tangipahoa Parish (docket no. 2017-0002180) on July 31, 2017. Cleartrac sought to enforce the Texas judgment, previously made executory in Louisiana, against Lanrick. The Texas judgment and the Louisiana judgments making the Texas judgment executory in this state were attached to Cleartrac's petition. See La. C.C.P. art. 853.

On June 23, 2022, following various proceedings,[3] Lanrick filed a peremptory exception of no right of action. Lanrick argued that Cleartrac was not a legal entity at the time it filed the petition to enforce the Texas judgment in July 2017, because its corporate existence ceased retroactive to June 25, 2014, pursuant to the Texas Business Organizations Code §11.356. Cleartrac opposed the exception. The trial court signed a judgment on November 23, 2022, granting Lanrick's exception of no right of action and dismissing Cleartrac's petition to enforce with prejudice. Cleartrac timely filed a motion for devolutive appeal from the November 23, 2022 judgment, which gave rise to this appeal.

**EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION**

After Cleartrac's appeal was lodged, Lanrick filed a peremptory exception of lack of subject matter jurisdiction with this court. According to the exception, Lanrick filed a petition to annul in the trial court in this proceeding (docket no. 2017-0002180) on September 20, 2023, seeking to annul the November 21, 2011

---

[3] See Cleartrac, LLC v. Lanrick Contractors, LLC, 2020-0175 (La. App. 1st Cir. 11/6/20) (unpublished), 2020 WL 6536929, *2-3 (dismissing Cleartrac's appeal from the trial court's August 19, 2019 judgment, which sustained Lanrick's exception of no right of action, gave Cleartrac an opportunity to amend its petition, and permitted Lanrick to conduct discovery; this court concluded the judgment was not appealable); and Cleartrac, LLC v. Lanrick Contractors, LLC, 2021-0413 (La. App. 1st Cir. 3/4/22) (unpublished), 2022 WL 630897, *2 (reversing the trial court's December 29, 2020 judgment sustaining Lanrick's reurged exception of no right of action, finding Cleartrac's petition stated a right of action on its face and Lanrick failed to introduce evidence to support the exception).

3

Tangipahoa Parish judgment rendered in docket no. 2011-0003850. Lanrick maintains the trial court signed a judgment on November 2, 2023 nullifying the November 21, 2011 judgment, making this appeal moot.

These alleged proceedings occurred after the trial court rendered the judgment at issue in this appeal. The appeal record contains no evidence of these subsequent proceedings. Appellate review is limited to the record. La. C.C.P. art. 2164. Louisiana Code of Civil Procedure article 2163 allows an appellate court to consider a peremptory exception filed for the first time in that court "if proof of the ground of the exception appears of record." We cannot consider evidence submitted in connection with a peremptory exception filed for the first time in this court. *Vanguard Vacuum Trucks, L.L.C. v. Mid-America Resources Corp.*, 2017-0434 (La. App. 1st Cir. 11/1/17), 233 So.3d 87, 89. Thus, we cannot consider the documents attached to Lanrick's exception or Cleartrac's brief. Finding no evidence in the record to support Lanrick's assertion that this court lacks subject matter jurisdiction, we overrule Lanrick's peremptory exception of lack of subject matter jurisdiction.

## EXCEPTION OF NO RIGHT OF ACTION

In a single assignment of error, Cleartrac contends the trial court erred in granting Lanrick's exception of no right of action.

The function of a peremptory exception of no right of action is to determine whether the plaintiff has a right to sue the defendant to enforce the claim. La. C.C.P. art. 927(A)(6); *Talley v. Baum*, 2022-1329 (La. App. 1st Cir. 9/7/23), 371 So.3d 1114, 1119. The party raising the exception bears the burden of proof. During the hearing on the exception, Lanrick introduced evidence establishing that Cleartrac filed a certificate of termination of a domestic entity with the Texas Secretary of State on June 25, 2014. *See* La. C.C.P. art. 931. Otherwise, Lanrick offered no evidence to controvert the well-pleaded factual allegations in Cleartrac's petition to

enforce, which we accept as true. See *Strategic Medical Alliance II v. State*, 2022-0052 (La. App. 1st Cir. 10/6/22), 353 So.3d 839, 843.

The *de novo* standard applies to this court's review of a judgment ruling on a peremptory exception of no right of action. *Talley*, 371 So.3d at 1120.

## INTERPRETATION OF TEXAS BUSINESS ORGANIZATIONS CODE SECTION 11.356

This appeal raises a question of law, i.e., the interpretation of Texas Business Organizations Code §11.356, which also requires *de novo* review.[4] *See Thibodeaux v. Donnell*, 2008-2436 (La. 5/5/09), 9 So.3d 120, 123; *Aleman v. Texas Medical Board*, 573 S.W.3d 796, 802 (Tex. 2019).

Texas Business Organizations Code §11.356 pertinently states,[5]

(a) Notwithstanding the termination of a domestic filing entity under this chapter, the terminated filing entity continues in existence until the third anniversary of the effective date of the entity's termination only for purposes of:
   (1) prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity;
   (2) permitting the survival of an existing claim by or against the terminated filing entity;
   (3) holding title to and liquidating property that remained with the terminated filing entity at the time of termination or property that is collected by the terminated filing entity after termination;
   (4) applying or distributing property, or its proceeds, as provided by Section 11.053; and
   (5) settling affairs not completed before termination.

\* \* \* \*

(c) If an action on an existing claim by or against a terminated filing entity has been brought before the expiration of the three-year period after the date of the entity's termination and the claim was not extinguished under Section 11.359,[6] the terminated filing entity continues to survive for purposes of:

---

[4] Because Cleartrac was a Texas limited liability company, we apply Texas law, specifically Tex. Bus. Orgs. Code §11.356, to determine whether Cleartrac had a right of action against Lanrick. *See OXY USA Inc. v. Quintana Production Co.*, 2011-0047 (La. App. 1st Cir. 10/19/11), 79 So.3d 366, 383-384, *writ denied*, 2012-0024 (La. 3/2/12), 84 So.3d 536 (applying the law of state of incorporation, Texas, to dissolved corporation).

[5] This is the version of Section 11.356 in effect during the relevant time period. Section 11.356 was amended by Acts 2023, 88th Leg., Ch. 27 (S.B. 1514), § 19, eff. Sept. 1, 2023. The changes made by this amendment are immaterial to the issue before us.

[6] Texas Business Organizations Code §11.359(a) pertinently states, "[A]n existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim not later than the third anniversary of the date of termination of the entity."

(1) the action until all judgments, orders, and decrees have been fully executed[.]

\* \* \* \*

The Texas Business Organizations Code defines "claim" as "a right to payment, damages, or property, whether liquidated or unliquidated, accrued or contingent, matured or unmatured." Tex. Bus. Orgs. Code §11.001(1). An "existing claim" is a claim that existed before the entity's termination and is not barred by limitations or a claim that exists after the entity's termination and before the third anniversary of the date of the entity's termination and is not barred by limitations. Tex. Bus. Orgs. Code §11.001(3).

On appeal, Cleartrac asserts the trial court erred by holding it lost the right to enforce the Texas judgment pursuant to Section 11.356. Cleartrac contends its right to enforce the Texas judgment survived its termination pursuant to Section 11.356(c).[7] According to Cleartrac, Section 11.356(c) provides that, when an action on a claim is brought before the end of the three-year termination period, the terminated entity continues to survive for purposes of that action until all judgments, orders, and decrees are fully executed. Cleartrac maintains the Texas judgment was timely made executory in Louisiana before the third anniversary of Cleartrac's termination (June 25, 2017). Cleartrac further asserts the petition to enforce the Texas judgment was not a new claim but was the continuation of its timely asserted right to enforce the Texas judgment.

Conversely, Lanrick argues that Section 11.356(c) does not apply. According to Lanrick, Section 11.356(c) only applies when an action on a claim is filed after the entity becomes terminated but before the expiration of the three-year termination period. During oral argument before this court, counsel for Lanrick referred to this as a "window" within which a claim must be filed under Section 11.356(c) and

---

[7] Cleartrac does not dispute that it is a terminated entity. _See_ Tex. Bus. Orgs. Code §11.001(4).

explained that, in Lanrick's view, termination is the "trigger" that begins the applicability of Section 11.356(c). Lanrick contends Cleartrac obtained the Texas judgment before it was terminated and before the "window" created by Section 11.356(c). Lanrick further argues Cleartrac's claim is barred by Section 11.356(a), because Cleartrac did not file this action before June 25, 2017, the third anniversary of its termination.

***Rules of Statutory Interpretation:***

When a statute is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed to give effect to the purpose indicated by a fair interpretation of the language used. La. C.C. art. 9; La. R.S. 1:4; *McGlothlin v. Christus St. Patrick Hospital*, 2010-2775 (La. 7/1/11), 65 So.3d 1218, 1227-28; *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014). Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. La. C.C. art. 11; La. R.S. 1:3; *McGlothlin*, 65 So.3d at 1228; *Jaster*, 438 S.W.3d at 562; *Wallace Construction & Development Co. v. Madison Plaza, LP*, No. 09-18-00364-CV, 2019 WL 4677508, at *3 (Tex. App.-Beaumont 2019). Words and phrases must be read in their context and construed according to the common and approved usage of the language. La. R.S. 1:3; *McGlothlin*, 65 So.3d at 1228; *Aleman*, 573 S.W.3d at 802.

The Texas Business Organizations Code, including Section 11.356, replaced the Texas Business Corporation Act on January 1, 2010. <u>See</u> Tex. Bus. Corp. Act art. 11.02; *Anderson Petro-Equipment, Inc. v. State*, 317 S.W.3d 812, 815 n.2 (Tex. App.-Austin 2010). Article 7.12 of the Texas Business Corporation Act was the

7

predecessor to Section 11.356.[8] Texas courts have recognized the Texas Business Organizations Code made no substantive changes to Article 7.12. *See Anderson Petro-Equipment, Inc.*, 317 S.W.3d at 815 n.2. Therefore, we consider Texas jurisprudence interpreting Article 7.12 and Section 11.356.

*Interpretation and Application of Section 11.356:*

Texas Business Organizations Code §11.356 is a survival statute, not a statute of limitations. *Taylor v. Hunton Andrews Kurth, LLP*, 14-22-00410-CV, 2023 WL 4502147, *5 (Tex. App.-Houston 2023). The distinction is that a statute of limitations affects the time a stale claim may be brought while a survival statute gives life for a limited time to a right or claim that would have been destroyed entirely but for the statute. Thus, a survival statute creates a right or claim that would not exist apart from the statute. Once the survival period ends, a terminated company has no legal existence and can no longer bring a lawsuit because it lacks standing. *Taylor*, 2023 WL 4502147, at *5. As a remedial statute that prolongs the existence of a dissolved corporation, Section 11.356 should be given liberal construction. *Anderson Petro-Equipment, Inc.*, 317 S.W.3d at 817 n.5.

In *Atcco Mortgage, Inc. v. Beasley*, 11-14-00066-CV, 2016 WL 1274129, *2 (Tex. App.-Eastland 2016), the court held that a "prior default judgment that is enforceable as a right to payment" falls under Section 11.001(1)'s "broad" definition of "claim." Notably, in *Atcco*, the claim at issue, the default judgment, was rendered in 1988, years before Atcco took action to enforce the default judgment in 2011.

---

[8] The text of Article 7.12 was substantially similar to Section 11.356(a). Article 7.12(c) pertinently stated:

> A corporation shall not be liable for any claim other than an existing claim. An existing claim by or against a dissolved corporation shall be extinguished unless an action or proceeding on such existing claim is brought before the expiration of the three-year period following the date of dissolution. If an action or proceeding on an existing claim by or against a dissolved corporation is brought before the expiration of the three-year period following the date of dissolution and such existing claim was not extinguished pursuant to Section D of this Article [not applicable here], the dissolved corporation shall continue to survive (1) for purposes of that action or proceeding until all judgments, orders, and decrees therein have been fully executed[.]

The court concluded that Atcco's right to enforce the claim was extinguished in 2009, three years after its corporate dissolution in 2006; therefore, Atcco's action was too late. *Atcco Mortgage, Inc.*, 2016 WL 1274129 at *2.

Before its dissolution, Cleartrac obtained a default judgment against Lanrick, i.e., an enforceable right to payment, which falls within the broad definitions of "claim" and "existing claim" used in the Texas Business Organizations Code. *See* Tex. Bus. Orgs. Code §§11.001(1) and (3). Section 11.356(a)(2) allows "existing claims" to survive for a period of three years after the effective date of the entity's termination. Therefore, pursuant to Section 11.356(a)(2), Cleartrac's existing claim was extinguished on June 25, 2017 *unless* an action or proceeding was brought on the existing claim prior to that date. *See Cohen Acquisition Corp. v. EEPB, P.C.*, 14-14-00330-CV, 2015 WL 2404869, *2 (Tex. App.-Houston 2015).

Cleartrac made the Texas judgment executory in Louisiana prior to June 25, 2017. We find this was sufficient to satisfy the requirements of Section 11.356(a)(2). Pursuant to Texas jurisprudence, the fact that Cleartrac acted on its existing claim before it was terminated did not destroy or adversely affect its rights under Section 11.356. *See Endsley Electric, Inc. v. Altech, Inc.*, 378 S.W.3d 15, 26 (Tex. App.– Texarkana 2012) (where suit was filed against the defendant corporation before it was dissolved, and the court found that, pursuant to Section 11.356, the defendant corporation continued to exist beyond its termination for the limited purpose of defending the suit against it and would continue to exist until all judgments, orders, and decrees have been fully executed).

We further conclude that Cleartrac survived pursuant to Section 11.356(c) for purposes of enforcing its existing claim. Lanrick cites no legal authority to support its interpretation of Section 11.356(c) and the "window" it purportedly creates. To the contrary, as noted above, the court in *Endsley Electric, Inc.*, 378 S.W.3d at 26, found a dissolved entity continued to exist for purposes of a suit filed against the

9

entity *prior to* its dissolution. Additionally, under Lanrick's interpretation of Section 11.356, an entity that files an action on a claim before it files for termination loses its right to continue to prosecute the action in its name within three years. However, an entity that terminates its corporate status first, then files an action on a claim, may continue to prosecute the action beyond the three-year termination period until the judgment is fully executed. This would lead to absurd consequences, creating an arbitrary distinction in the rights available to terminated entities.

Applying Sections 11.356(a) and (c) together, Texas courts have explained that a terminated corporation can function beyond its termination for the limited purposes of prosecuting or defending, in its own name, a legal action brought by or against it, that arose prior to the forfeiture. Tex. Bus. Orgs. Code. §11.356(a)(1); *Donald v. Rhone*, 489 S.W.3d 584, 587 n.5 (Tex. App.-Texarkana 2016). Under Section 11.356(a) and (c), a terminated corporation can function for this limited purpose for three years, though if an action is brought by or against the corporation within that three-year period, the corporation's existence can continue indefinitely until the provisions of subsection (c) are satisfied. Tex. Bus. Orgs. Code §11.356(a)(1); *Donald*, 489 S.W.3d at n.5, *citing Endsley Electric, Inc.* 378 S.W.3d at 26 n.10. See also *Mikkilineni v. United States*, 53 F. App'x 82, 83 (Fed. Cir. 2002) (per curiam) (discussing former Article 7.12); 1 McDonald & Carlson Tex. Civ. Prac. § 4:20 *Dissolution of Corporation* (2d. ed. Feb. 2024 update) and Elizabeth S. Miller & Robert A. Ragazzo, 19 *Texas Practice Series: Business Organizations* § 15:12 (3d ed. Dec. 2023 update) (noting that under Section 11.356(c) a terminated entity's existence may extend beyond three years for action pending at end of three-year period).

Relying on these authorities and applying the rules of statutory interpretation, we conclude that, since Cleartrac satisfied the requirements of Section 11.356(a)(2) by bringing an "action on [the] existing claim" before the end of the three-year

termination period, Cleartrac continues to survive for purposes of "the action until all judgments ... have been fully executed[.]" Tex. Bus. Orgs. Code §11.356(c)(1). Therefore, we find the trial court erred by granting Lanrick's exception of no right of action.[9]

## DECREE

For the foregoing reasons, we overrule the exception of lack of subject matter jurisdiction filed by Lanrick Contractors, LLC. We reverse the November 23, 2022 judgment granting the peremptory exception of no right of action filed by Lanrick Contractors, LLC, and dismissing Cleartrac, LLC's petition to enforce judgment with prejudice. We remand this matter to the trial court for further proceedings. All costs of this appeal are assessed against Lanrick Contractors, LLC.

**EXCEPTION OVERRULED. JUDGMENT REVERSED AND REMANDED.**

---

[9] Considering our holding, we deny Lanrick's request, made in its appellee brief, for costs and attorney fees for frivolous appeal under La. C.C.P. art. 2164. We further note Lanrick failed to properly urge this request. *See Donaldson v. Guidry*, 2021-1569 (La. App. 1st Cir. 7/8/22), 345 So.3d 433, 438-39, *writ denied*, 2022-01208 (La. 11/8/22), 362 So.3d 422.